**IVAN RENE MOORE,**
**1236 SOUTH REDONDO BLVD**
**LOS ANGELES, CA 90019**

**PETITIONER, IN PRO PER**

FILED

MAR 2 9 2022

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

## UNITED STATES BANKRUPTCY COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re:  Kimberly Barbour,<br><br>Debtor.<br><hr>IVAN RENE MOORE,<br><br>Plaintiff,<br><br>KIMBERLY BARBOUR (aka) KIMBERLY MARTIN-BRAGG, STEVEN A. SCHUMAN, LEE T. DICKER, LEORNARD, LAW OFFICE OF PETER M. LIVELY, DICKER & SCHREIBER LLP, and DOES 1 through 10, Defendants. | ) Case No.: 2:16-bk-22878-BR<br>) <br>) Adversary No.:<br>) <br>) Chapter 7<br>) <br>) VERIFIED COMPLAINT FOR DAMAGES<br>) FOR:<br>) <br>) 1. BANKRUPTCY FRAUD (**18 U.S.C. §** **157**)<br>) <br>) 2. BANKRUPTCY FRAUD (**18 U.S.C. §** **152**)<br>) <br>) 3. BANKRUPTCY FRAUD (**11 U.S.C. §** **521**)<br>) <br>) 4. INDEPENDENT ACTION FOR RELIEF FROM DISCHARGE ORDER TO REMEDY FRAUD UPON THE COURT (FED. R. CIV. P.  **60(d)(3)**<br>) <br>) **5.** CAUSES OF ACTION UNDER **11 U.S.C. § 523 (a)(6)**<br>) 6. CAUSES OF ACTION UNDER **11 U.S.C. § 727(a)(3)**<br>) <br>) 7. DAMAGES<br>) <br>) ***DEMAND FOR JURY TRIAL ON ALL CLAIMS*** |

ORIGINAL

Plaintiff, Judgment Creditor, Ivan Rene Moore, ("Plaintiff" or "Creditor"), Creditor of the above-named Debtor, Kimberly Barbour aka Kimberly Martin-Bragg ("Defendant"), hereby object to the entry of discharge in the above-entitled bankruptcy case pursuant to 11 U.S.C. § (a) 523 (a)(6) and Rule 4004 of the Federal Rules of Bankruptcy Procedure, and alleges as follows:

## I
## PRELIMINARY STATEMENT

1.  Plaintiff alleges that, the Debtor and Defendant, KIMBERLY BARBOUR, acting in concert with Defendants, STEVEN A. SCHUMAN, LEE T. DICKER, LEORNARD, LAW OFFICE OF PETER M. LIVELY, DICKER & SCHREIBER LLP, knowingly and intentionally committed a fraudulent act by failing to list an asset on the appropriate bankruptcy schedule to prevent the creditor's property from being considered by the Bankruptcy Court and the Bankruptcy Trustee; and knowingly made  false statement in the bankruptcy paperwork, falsified financial documents used to support a credit request and misrepresented the debtor's worth in Kimberly Barbour's statements and schedules in order to qualify for a Chapter 7 bankruptcy proceeding in violation of **18 U.S.C. § 157**, **18 U.S.C. § 152**, and **11 U.S.C. § 521**.

2.  Fed. R. Civ. P. 60(d)(3) sets forth grounds upon which the Court may relieve a party from a final judgment or order. Rule 60(d)(3) explains that "[t]his rule does not limit a court's power to set aside a judgment for fraud on the court." Rule 60(d)(3) is a codification of the Court's "inherent power … to investigate whether a judgment was obtained by fraud." Universal Oil Products Co. v. Root Ref. Co., 328 U.S. 575, 580 (1946). "There is no statute of limitations for fraud on the court. And jurisdiction exists to consider such a claim even if there are no adversary parties then present before the court." Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 640 n.10 (N.D. Cal. 1978) aff'd, 645 F.2d 699 (9th Cir. 1981).

3.   Fraud on the court embraces "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." Anand v. CITIC Corp. (In re Intermagnetics Am., Inc.), 926 F.2d 912, 916 (9th Cir. 1991). The inquiry must focus upon "whether the alleged fraud harms the integrity of the judicial process": '[T]ampering with the administration of justice in the manner indisputably shown here involves far more than an injury to a single litigant. It is a wrong against the institutions set up to protect and safeguard the public, institutions in which fraud cannot.

4.   This independent action is brought under Fed. R. Civ. P. Rule 60(d)(3) and Fed. R. Civ. P. 60(b)(3) for relief from judgment to Remedy Fraud Upon The Court, and the filing of fraudulent Bankruptcy by the Defendants in the instant adversary proceeding complaint for fraudulent Bankruptcy and for damages.

5.   The Debtor/Defendant, KIMBERLY BARBOUR, acting in concert with Defendants, STEVEN A. SCHUMAN, LEE T. DICKER, LEORNARD, LAW OFFICE OF PETER M. LIVELY, DICKER & SCHREIBER LLP, orchestrated an unconscionable plan or scheme which is designed to improperly influence the Bankruptcy court in its decision by intentionally, willfully, knowingly and purposefully under-reported Kimberly Martin-Bragg aka Kimberly Barbour's income in her statements and schedules in order to qualify for a Chapter 7 bankruptcy proceeding.

6.   For remedy concerning unconscionable plan or scheme which is designed to improperly influence the court, *please see,* Abatti v. Commissioner, 859 F.2d 115, 118 (9th Cir.1988).

//

//

7.   Plaintiff will show by clear and convincing evidence that The Debtor/Defendant, KIMBERLY BARBOUR,  acting in concert with Defendants, STEVEN A. SCHUMAN, LEE T. DICKER, LEORNARD, LAW OFFICE OF PETER M. LIVELY, and DICKER & SCHREIBER LLP, committed fraud upon the court by failing to list an asset on the appropriate bankruptcy schedule to prevent the creditor's property from being considered by the Bankruptcy Court and the Bankruptcy Trustee; and knowingly made  false statement in the bankruptcy paperwork, and by proffering falsified financial documents  as evidence to support a credit request and misrepresented the debtor's worth in Kimberly Barbour's statements and schedules in order to qualify for a Chapter 7 bankruptcy proceeding in violation of **18 U.S.C. § 157**, **18 U.S.C. § 152**, and **11 U.S.C. § 521**.

8.   Plaintiff will show, by clear and convincing evidence that, LAW OFFICE OF PETER M. LIVELY, a law firm of law corporation, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour orchestrated unconscionable schemes to deceive this court and made misrepresentations directed at the judicial machinery in their schemes to deprive Plaintiff, IVAN RENE MOORE of his Constitutionally protected property interests and Plaintiff, IVAN RENE MOORE's rights to the State Court jury verdict which arises from intentional and malicious injury to Plaintiff person and property as defined under **11 U.S.C. § 523(a)(6)**.

9. Rule 60(d)(3) provides that "[t]his rule does not limit a court's power to . . .set aside a judgment for fraud on the court" (emphasis added).  Therefore, relief based on fraud on the court is not subject to the one-year time limit.

Further, the Supreme Court has noted that relief from judgment for fraud on the court is "available to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998).

## II
## JURISDICTION AND VENUE

10. This is an adversary proceeding in which the Plaintiff is seeking damages for Bankruptcy Fraud and for invalidation of charge order based on 11 U.S.C. § 523 (a)(6).

11. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 523.

12. This is a non- core proceeding pursuant to 28 U.S.C. § 157.

13. This court has jurisdiction over this Adversary proceeding pursuant to 28 U.S.C. § 1334, as a civil proceeding for Bankruptcy Fraud arising under the United States Bankruptcy Code or arising in a case commenced under the Bankruptcy Code; and under 28 U.S.C. § 157 as a Civil proceeding which constitute a non-core proceeding for Bankruptcy Fraud.

14. Venue is proper and lies in this Central District of California, pursuant to 28 U.S.C. §§ 1408(1) and 1409(a), as this is a proceeding arising under the Bankruptcy Code or arising in a case commenced by the Debtor under Chapter 7 of the Bankruptcy Code in the Central District of California.

//

//

//

//

**III**
**PARTIES**

15. Plaintiff, and Judgment Creditor, Ivan Rene Moore, ("Plaintiff"), is now, and at all times relevant to this action, domiciled in County of Contra Costa, State of California.

16. Defendant, and Judgment Debtor, Kimberly Barbour aka Kimberly Martin-Bragg, ("Defendant" or "Debtor"), is now, and at all times relevant to this action, domiciled in County of Contra Costa, State of California.

17. Defendant, and Judgment Debtor, Kimberly Barbour aka Kimberly Martin-Bragg, ("Defendant" or "Debtor"), is now, and at all times relevant to this action, domiciled in County of Contra Costa, State of California.

18. Defendant, STEVEN A. SCHUMAN, SBN#: 142834, is an Officer of the Court, ("Defendant"), is now, and at all times relevant to this action, domiciled in the State of California.

19. Defendant, LEE T. DICKER, SBN#: 48953, is an Officer of the Court, ("Defendant"), is now, and at all times relevant to this action, domiciled in the State of California.

20. Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned in this Complaint, Defendant, LEORNARD, DICKER & SCHREIBER LLP, a law firm or law Corporation, organized and existing under the laws of the State of California.

21. Plaintiff is informed and believes and thereon alleges that at all relevant times mentioned in this Complaint, Defendant, LAW OFFICE OF PETER M. LIVELY, a law firm or law Corporation, organized and existing under the laws of the State of California.

22. The true names, identities, and capacities, whether individual, corporate, associate or otherwise of Defendants DOES 1 through 25 are unknown to Plaintiff, who, therefore, sues said Defendants by such fictitious names. When the true names, identities, and capacities of said Defendants are ascertained, Plaintiff will seek leave to amend this complaint accordingly.

Each of the Defendants designated herein as a DOE is responsible negligently, intentionally, tortuously or in some other actionable manner including, but not limited to, the causes of action alleged herein, for the events referred to herein, and caused damages to Plaintiff as herein alleged.

23. At all relevant times discussed herein each Defendant, including those fictitiously named, was the agent, employee, and servant of all the remaining Defendants; and, in doing the things alleged herein, was acting within the course and scope of said agency and employment. Unless specifically indicated otherwise, all references in this complaint to Defendants, LAW OFFICE OF PETER M. LIVELY, LEORNARD, DICKER & SCHREIBER LLP, STEVEN A. SCHUMAN, an Officer of the Court,  LEE T. DICKER, and Officer of the Court, and KIMBERLY BARBOUR, shall also refer to their agents, officers, directors, managers, and employees, and to all fictitiously named Defendants.


IV
FACTUAL ALLEGATION

24. On July 29th, 2013, the State court Jury found the Debtor, Kimberly Martin-Bragg aka Kimberly Barbour liable to Ivan Rene Moore for intentional and malicious injuries.  Specifically, the State Court Jury held Ms. Bragg liable to Mr. Moore for Conversion, and awarded Mr. Moore $2.5 million in damages and **$650,000.00** in damages for lost profits for a total of **$3.15 million** for conversion (**See, Exhibit A**).   Additionally, the State Court jury found Ms. Bragg liable to Mr. Moore for Trespass to Chattel and awarded Mr. Moore **$2.5 million** in damages for trespass to chattel, and **$650,000.00** in damages for lost profits for a total of **$3.15 million** for trespass to chattel **(See, Exhibit B).**

Accordingly, the total amount of the jury award for Ms. Bragg's inattentional and malicious injuries to Mr. Moore and to the property of Mr. Moore was **$6,300,000.00.    (6.3 million dollars).**

25. Subsequently, on November 8, 2013, Hon. Judge Michelle Rosenblatt who presided over case reduced the jury award to **$3.15 million** for the intentional and malicious injuries to Mr. Moore and to the Property of Mr. Moore caused by Ms. Bragg by way of interlocutory judgment

26. On May 23, 2016, the Court entered a final Judgment incorporating and superseding the Interlocutory Judgment.

27. Consequently, on March 24, 2014, Ms. Bragg filed Bankruptcy is Case No. Case 2:14-bk-15698-ER, seeking to discharge the Judgement of **$3.15 million.**  However, that bankruptcy case was dismissed.    In dismissing that Bankruptcy case **Hon. Ernest Roble stated the following:**

> **The Court is sympathetic to the challenges of the Debtor in state court. However, it is not this Court's province, as a Federal Bankruptcy Court, to usurp the role of the state court. The state court has separate duties. This Court's obligation, under Title 11, Chapter 11, is to, among other things, permit debtors to timely and reasonably reorganize their debts. Reorganization is not happening here. Although this case has been pending for over a year, the Debtor has evidenced no effort or present capability to proceed toward confirmation. (Please See, Exhibit C, at. p. 2, ¶ 2.).**

28. Subsequently, the Debtor and Defendant, Kimberly Barbour aka Kimberly Martin-Bragg, employed LAW OFFICE OF PETER M. LIVELY, LEORNARD, DICKER & SCHREIBER LLP, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, who, acting in concert with Defendant, Kimberly Barbour, orchestrated unconscionable plan or scheme which is designed to improperly influence the Bankruptcy Court and the Bankruptcy Trustee in their decisions in this case.

29. Plaintiff alleges that Defendants, Kimberly Barbour aka Kimberly Martin-Bragg, LAW OFFICE OF PETER M. LIVELY, LEORNARD, DICKER & SCHREIBER LLP, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER knowingly and intentionally committed a fraudulent act by failing to list assets on the appropriate bankruptcy schedule to prevent the creditor's property from being considered by the Bankruptcy Court and the Bankruptcy Trustee.

30. 11 U.S.C. § 350(a) provides that when an estate is fully administered and the court has discharged the trustee, the court shall close the case". 11 U.S.C. § 350(a). Thereafter, a closed case may be reopened pursuant to § 350(b), which provides that "a case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b).    "While the Code does not define 'other cause', the decision to reopen or not is discretionary with the court, which may consider numerous factors including equitable concerns, and ought to emphasize substance over technical considerations." Critical Care Support Servs. v. United States (In re Critical Care Support Servs.), 236 B.R. 137, 140 (Bankr. E.D.N.Y. 1999) (quoting Batstone v. Emmerling (In re Emmerling), 223 B.R. 860, 864 (B.A.P. 2d Cir. 1997)).    Plaintiff contends that the Other Factor in re-opening the closed Bankruptcy case includes inter alia, Bankruptcy Fraud as defined under **18 U.S.C. § 157**, **18 U.S.C. § 152**, and **11 U.S.C. § 521**.

31. Plaintiff further alleges that, in order to obtain relief from the order of dismissal, the moving party must satisfy the requirements of Rule 60, which is incorporated by reference in Federal Rule of Bankruptcy Procedure 9024.    In particular, Fed. R. Civ. P. 60(d)(3) sets forth grounds upon which the Court may relieve a party from a final judgment or order. Rule 60(d)(3) explains that "[t]his rule does not limit a court's power to set aside a judgment for fraud on the court." Rule 60(d)(3) is a codification of the Court's "inherent power … to investigate whether a

judgment was obtained by fraud." Universal Oil Products Co. v. Root Ref. Co., 328 U.S. 575, 580 (1946). "There is no statute of limitations for fraud on the court. And jurisdiction exists to consider such a claim even if there are no adversary parties then present before the court." Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 640 n.10 (N.D. Cal. 1978) aff'd, 645 F.2d 699 (9th Cir. 1981).

32. Plaintiff alleges that the Debtor and her Attorneys engaged in fraudulent conduct by intentional and willful misrepresentation and purposeful concealment of material facts in Kimberly Barbour's statements and schedules in order to qualify for a Chapter 7 bankruptcy proceeding in their zeal to Discharge the **$3.15 Million judgement** that was occasioned by the Debtor's malicious injury to Plaintiff's person and property which is exempt from Discharge under **11 U.S.C. § 523(a)(6).**

33. Plaintiff further Alleges that in the course of the Debtor's Bankruptcy, LAW OFFICE OF PETER M. LIVELY, Steven A. Schuman, an Officer of the Court,  Lee T. Dicker, and Officer of the Court, **LEORNARD, DICKER & SCHREIBER LLP**, a law firm or law Corporation, acting in concert with the Debtor, Kimberly Barbour intentionally filed false or incomplete forms to conceal the *1971/72* **Camaro** that was in exclusive dominion and control of the Debtor, Kimberly Martin-Bragg aka Kimberly Barbour **(Exhibit D).**

34. Plaintiff alleges that on or about 5/20/2021, pursuant to a civil warrant, the Los Angeles Sheriff Department was authorized to use reasonable forcible entry to enter into the private place into the private place listed below for the purpose of levying on the personal property subject to this writ" **(Exhibit E).**   In executing a search warrant uncovered the 1971/72 Camaro that Debtor's Bankruptcy Attorneys, LAW OFFICE OF PETER M. LIVELY, Steven A. Schuman, an Officer of the Court, Lee T. Dicker, and Officer of the Court, **LEORNARD, DICKER &**

**SCHREIBER LLP**, a law firm or law Corporation, acting in concert with the Debtor, Kimberly Barbour concealed the 1971/72 Camaro in Debtor, Kimberly Barbour schedule. **(Plaintiff's Exhibit, F,G,H,I the true and correct pictures of the Los Angeles County Sheriff's Department taken by plaintiff on 7/7/2021).**

35. Plaintiff alleges that on or about Plaintiff alleges that on or about 10/07/16, **(Dkt.10. at 19.)**, and subsequently thereafter, LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour orchestrated an unconscionable plan or scheme which was designed to improperly influence the Bankruptcy court and the Bankruptcy Trustee in their decision by intentionally, willfully, knowingly and purposefully misrepresented material facts in Debtor, Kimberly Barbour's *Financial Assets to wit,* LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour falsely claimed that the Debtor, Kimberly Barbour has 100% interest in *Rene Moore Music,* 100% interest in *Rufftown Entertainment Group, Inc., and* 100% interest *in Radio Multi-Media, Inc* in in Kimberly Barbour's statements and schedules in order to qualify for a Chapter 7 bankruptcy proceeding.

Plaintiff alleges that, Kimberly Martin-Bragg aka Kimberly Barbour ***does not have and never had*** 100% interest in *Rene Moore Music,* 100% interest in *Rufftown Entertainment Group, Inc., or* 100% interest *in Radio Multi-Media, Inc.* Defendants, LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation,

acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour made this statement knowing that it was false and did so in the deliberate intent to commit Bankruptcy Fraud and in violation of **18 U.S.C. § 157, 18 U.S.C. § 152, and 11 U.S.C. § 521.**

36. Plaintiff alleges on or about 10/07/16, **(Dkt.10. at 26.),** LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour orchestrated an unconscionable plan or scheme which was designed to improperly influence the Bankruptcy court and the Bankruptcy Trustee in their decision by intentionally, willfully, knowingly and purposefully misrepresented material facts in Debtor, Kimberly Barbour's *Financial Assets to wit,* STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour falsely claimed that the Debtor, Kimberly Barbour has *Patents, Copyrights, trademarks, trade secrets, and other intellectual in Various Master Recordings Secured via Wells Fargo UCC-1 related to Wells Fargo Loan to Ivan Rene Moore* in Kimberly Barbour's statements and schedules in order to qualify for a Chapter 7 bankruptcy proceeding. Defendants, LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour made this statement knowing that it was false and did so in the deliberate intent to commit Bankruptcy Fraud and in violation of **18 U.S.C. § 157, 18 U.S.C. § 152, and 11 U.S.C. § 521.**

//

//

37. Plaintiff alleges that on or about Plaintiff alleges that on or about 10/07/16, **(Dkt.10. at 30.),** LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour orchestrated an unconscionable plan or scheme which was designed to improperly influence the Bankruptcy court and the Bankruptcy Trustee in their decision by intentionally, willfully, knowingly and purposefully misrepresented material facts in Debtor, Kimberly Barbour's *Financial Assets to wit,* STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour *falsely and fraudulently* claimed in ***Other amounts someone owes you***, to wit, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour *falsely and fraudulently* attests: **Loans and Advances Made to Ivan Rene Moore, Rene-Moore Music Inc., Rufftown Entertainment Group, Inc., and G&S Electronics in the amount of $2,420,000.00** in the Debtor, Kimberly Barbour has in Kimberly Barbour's statements and schedules in order to qualify for a Chapter 7 bankruptcy proceeding. Defendants, LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour made this statement knowing that it was false and did so in the deliberate intent to commit Bankruptcy Fraud and in violation of **18 U.S.C. § 157, 18 U.S.C. § 152,** and **11 U.S.C. § 521**.

//

38. Plaintiff alleges that Kimberly Barbour aka Kimberly Martin-Bragg did not **Loan or made any Advances to Ivan Rene Moore, Rene-Moore Music Inc., Rufftown Entertainment Group, Inc., and G&S Electronics in the amount of $2,420,000.00.**

39. Plaintiff alleges that on or about Plaintiff alleges that 10/07/16, **(Dkt.10. 62.),** STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour orchestrated an unconscionable plan or scheme which is designed to improperly influence the Bankruptcy court in its decision by intentionally, willfully, knowingly and purposefully misrepresented the Total of all property on schedule **A/B** in the amount of **$4,944,916.76** in Kimberly Barbour's statements and schedules in order to qualify for a Chapter 7 bankruptcy proceeding.   Defendants, LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour made this statement knowing that it was false and did so in the deliberate intent to commit Bankruptcy Fraud and in violation of **18 U.S.C. § 157, 18 U.S.C. § 152, and 11 U.S.C. § 521.**

40. Plaintiff alleges that on or about 10/07/16, and subsequent thereafter, LAW OFFICE OF PETER M. LIVELY, STEVEN A.  SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, were aware that the Debtor, Kimberly ***Barbour forged the signature of Los Angeles Superior Court Judge, Hon. Judge Mitchell Beckloff to cancel a lawful issued writ of execution*** (See, Exhibit J).

//

//

41. Notwithstanding, Defendants, LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour orchestrated an unconscionable plan or scheme which is designed to improperly influence the Bankruptcy court and the Bankruptcy Trustee in their decision, by intentionally, willfully, knowingly and purposefully counselling or encouraging  Kimberly Martin-Bragg aka Kimberly Barbour's to misrepresent that the Total of all property on schedule **A/B** was **$4,944,916.76** in her statements and schedules in order to qualify for a Chapter 7 bankruptcy proceeding.

42. Plaintiff alleges that on or about 10/07/16, **(Dkt.10.)**, and subsequent thereafter, LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour orchestrated an unconscionable plan or scheme which is designed to improperly influence the Bankruptcy court and the Bankruptcy Trustee in their decisions by intentionally, willfully, knowingly and purposefully misrepresented in the Debtor's **schedule C** that the real property commonly described as:  6150 Shenandoah Avenue, Los Angeles, California was exempt property in  Kimberly Barbour's statements and schedules in order for Kimberly Barbour to qualify for a Chapter 7 bankruptcy proceeding when STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation know that to be false  .  Defendants, LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with

Kimberly Martin-Bragg aka Kimberly Barbour made this statement knowing that it was false and did so in the deliberate intent to commit Bankruptcy Fraud and in violation of **18 U.S.C. § 157**, **18 U.S.C. § 152**, and **11 U.S.C. § 521**.

43. Plaintiff alleges that 10/07/16, **(Dkt.10.)**, LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour orchestrated an unconscionable plan or scheme which is designed to improperly influence the Bankruptcy court and the Bankruptcy Trustee in their decisions by intentionally, willfully, knowingly and purposefully misrepresented in the Debtor's **schedule C** that the real property commonly described as:  6160 Shenandoah Avenue, Los Angeles, California was exempt property in  Kimberly Barbour's statements and schedules in order for Kimberly Barbour to qualify for a Chapter 7 bankruptcy proceeding when STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation know that to be false. Defendants, LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour made this statement knowing that it was false and did so in the deliberate intent to commit Bankruptcy Fraud and in violation of **18 U.S.C. § 157**, **18 U.S.C. § 152**, and **11 U.S.C. § 521**.

*Concealment of Creditor's Property Identify Property You Hold or Control for Someone Else (Dkt. 10., Part 9; #23). Do you hold or control any property that someone else owns?*

44. Plaintiff alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-

Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list an asset on the appropriate bankruptcy schedule to prevent the creditor's property from being considered by the Bankruptcy Court and the Bankruptcy Trustee.

**Property of Alamode Music.**

45. Plaintiff alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list the property of **Alamode Music** *which the Debtor, Kimberly Barbour held or* on the appropriate bankruptcy schedule.   On or about 10/07/16 the Debtor, Kimberly Barbour concealed and failed to list the personal property of **Alamode Music** that was in exclusive control of the defendant/Debtor, Kimberly Barbour aka Kimberly Martin-Bragg.

**Property of Bruce Swedien:**

46. Plaintiff alleges that on or about 10/07/16 the Debtor, Kimberly Barbour concealed and failed to list the personal property of **Bruce Swedien** that was in exclusive control of the defendant/Debtor, Kimberly Barbour aka Kimberly Martin-Bragg.

47. Plaintiff further alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A.  SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list on the appropriate bankruptcy schedule, the property of **Bruce Swedien** *which the Debtor, Kimberly Barbour held* and has exclusive control.

//

**Property of G &S Electronic**

48. Plaintiff alleges that on or about 10/07/16 the Debtor, Kimberly Barbour concealed and failed to list the personal property of Creditor, *G & S Electronic* that was in exclusive control of the defendant/Debtor, Kimberly Barbour aka Kimberly Martin-Bragg.

49. Plaintiff further alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list on the appropriate bankruptcy schedule, the property of Creditor, *G & S Electronic which the Debtor, Kimberly Barbour held* and has exclusive control.

**Property of I.R.M Production**

50. Plaintiff alleges that on or about 10/07/16 the Debtor, Kimberly Barbour concealed and failed to list the personal property of Creditor, *I.R.M. Production* that was in exclusive control of the defendant/Debtor, Kimberly Barbour aka Kimberly Martin-Bragg.

51. Plaintiff further alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list on the appropriate bankruptcy schedule, the property of Creditor, *I.R.M. Production which the Debtor, Kimberly Barbour held* and has exclusive control.

**Property of Ima Moore Investments**

52. Plaintiff alleges that on or about 10/07/16 the Debtor, Kimberly Barbour concealed and failed to list the personal property of Creditor, *Ima Moore Investments* that was in exclusive control of the defendant/Debtor, Kimberly Barbour aka Kimberly Martin-Bragg.

53. Plaintiff further alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list on the appropriate bankruptcy schedule, the property of Creditor, *Ima Moore Investments which the Debtor, Kimberly Barbour held* and has exclusive control.

**Property of Joseph & Helen Easton Investments**

54. Plaintiff alleges that on or about 10/07/16 the Debtor, Kimberly Barbour concealed and failed to list the personal property of Creditor, *Joseph & Helen Easton Investments* that was in exclusive control of the defendant/Debtor, Kimberly Barbour aka Kimberly Martin-Bragg.

55. Plaintiff further alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list on the appropriate bankruptcy schedule, the property of Creditor, *Joseph & Helen Easton Investments   which the Debtor, Kimberly Barbour held* and has exclusive control.

**Property of Kara Financial**

56. Plaintiff alleges that on or about 10/07/16 the Debtor, Kimberly Barbour concealed and failed to list the personal property of Creditor, *Kara Financial* that was in exclusive control of the defendant/Debtor, Kimberly Barbour aka Kimberly Martin-Bragg.

57. Plaintiff further alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list on the appropriate bankruptcy schedule, the property of Creditor, *Kara Financial which the Debtor, Kimberly Barbour held, had,* and still has exclusive control.

**Property of Kevin Wagner**

58. Plaintiff alleges that on or about 10/07/16 the Debtor, Kimberly Barbour concealed and failed to list the personal property of Creditor, *Kevin Wagner* that was in exclusive control of the defendant/Debtor, Kimberly Barbour aka Kimberly Martin-Bragg.

59. Plaintiff further alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list on the appropriate bankruptcy schedule, the property of Creditor, *Kevin Wagner which the Debtor, Kimberly Barbour held, had,* and still has exclusive control.

**Property of Loren Chaney**

60. Plaintiff alleges that on or about 10/07/16 the Debtor, Kimberly Barbour concealed and failed to list the personal property of Creditor, *Loren Chaney* that was in exclusive control of the defendant/Debtor, Kimberly Barbour aka Kimberly Martin-Bragg.

61. Plaintiff further alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list on the appropriate bankruptcy schedule, the property of Creditor, *Loren Chaney which the Debtor, Kimberly Barbour held, had,* and still has exclusive control.

**Property of Radio Multimedia Investments**

62. Plaintiff alleges that on or about 10/07/16 the Debtor, Kimberly Barbour concealed and failed to list the personal property of Creditor, *Radio Multi Media Investments* that was in exclusive control of the defendant/Debtor, Kimberly Barbour aka Kimberly Martin-Bragg.

63. Plaintiff further alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list on the appropriate bankruptcy schedule, the property of Creditor, *Radio Multi Media Investments which the Debtor, Kimberly Barbour held, had,* and on information and belief still has exclusive control.

**Property of Rene & Angela**

64. Plaintiff alleges that on or about 10/07/16 the Debtor, Kimberly Barbour concealed and failed to list the personal property of Creditor, *Rene & Angela* that was in exclusive control of the defendant/Debtor, Kimberly Barbour aka Kimberly Martin-Bragg.

65. Plaintiff further alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list on the appropriate bankruptcy schedule, the property of Creditor, *Rene & Angela which the Debtor, Kimberly Barbour held, had,* and on information and belief still has exclusive control.

**Property of Rene Moore Music**

66. Plaintiff alleges that on or about 10/07/16 the Debtor, Kimberly Barbour concealed and failed to list the personal property of Creditor, *Rene Moore Music* that was in exclusive control of the defendant/Debtor, Kimberly Barbour aka Kimberly Martin-Bragg.

67. Plaintiff further alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list on the appropriate bankruptcy schedule, the property of Creditor, *Rene Moore Music which the Debtor, Kimberly Barbour held, had,* and on information and belief still has exclusive control.

**Property of Ronald Hills**

68. Plaintiff alleges that on or about 10/07/16 the Debtor, Kimberly Barbour concealed and failed to list the personal property of Creditor, *Ronald Hills* that was in exclusive control of the defendant/Debtor, Kimberly Barbour aka Kimberly Martin-Bragg.

69. Plaintiff further alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list on the appropriate bankruptcy schedule, the property of Creditor, *Ronald Hills  which the Debtor, Kimberly Barbour held, had,* and on information and belief still has exclusive control.

**Property of Rufftown Entertainment Group**

70. Plaintiff alleges that on or about 10/07/16 the Debtor, Kimberly Barbour concealed and failed to list the personal property of Creditor, *Rufftown Entertainment Group, Inc* that was in exclusive control of the defendant/Debtor, Kimberly Barbour aka Kimberly Martin-Bragg.

71. Plaintiff further alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list on the appropriate bankruptcy schedule, the property of Creditor, *Rufftown Entertainment Group, Inc which the Debtor, Kimberly Barbour held, had,* and on information and belief still has exclusive control.

**Property of Rufftown Records, LLC**

72. Plaintiff alleges that on or about 10/07/16 the Debtor, Kimberly Barbour concealed and failed to list the personal property of Creditor, *Rufftown Records, LLC* that was in exclusive control of the defendant/Debtor, Kimberly Barbour aka Kimberly Martin-Bragg.

73. Plaintiff further alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list on the appropriate bankruptcy schedule, the property of Creditor, *Rufftown Records, LLC which the Debtor, Kimberly Barbour held, had,* and on information and belief still has exclusive control.

**Property of Sam Essien**

74. Plaintiff alleges that on or about 10/07/16 the Debtor, Kimberly Barbour concealed and failed to list the personal property of Creditor, *Sam Essien* that was in exclusive control of the defendant/Debtor, Kimberly Barbour aka Kimberly Martin-Bragg.

75. Plaintiff further alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list on the appropriate bankruptcy schedule, the property of Creditor, *Sam Essien which the Debtor, Kimberly Barbour held, had,* and on information and belief still has exclusive control.

**Property of South Central Distribution**

76. Plaintiff alleges that on or about 10/07/16 the Debtor, Kimberly Barbour concealed and failed to list the personal property of Creditor, *South Central Distribution* that was in exclusive control of the defendant/Debtor, Kimberly Barbour aka Kimberly Martin-Bragg.

77. Plaintiff further alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list on the appropriate bankruptcy schedule, the property of Creditor, *South Central Distribution which the Debtor, Kimberly Barbour held, had,* and on information and belief still has exclusive control.

**Property of Suti Music**

78. Plaintiff alleges that on or about 10/07/16 the Debtor, Kimberly Barbour concealed and failed to list the personal property of Creditor, *Suti Music* that was in exclusive control of the defendant/Debtor, Kimberly Barbour aka Kimberly Martin-Bragg.

79. Plaintiff further alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list on the appropriate bankruptcy schedule, the property of Creditor, *Suti Music  which the Debtor, Kimberly Barbour held, had,* and on information and belief still has exclusive control.

**Property of The Estate of Ima Moore**

80. Plaintiff alleges that on or about 10/07/16 the Debtor, Kimberly Barbour concealed and failed to list the personal property of Creditor, *The Estate of Ima Moore* that was in exclusive control of the defendant/Debtor, Kimberly Barbour aka Kimberly Martin-Bragg.

81. Plaintiff further alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list on the appropriate bankruptcy schedule, the property of Creditor, *The Estate of Ima Moore  which the Debtor, Kimberly Barbour held, had,* and on information and belief still has exclusive control.

**Property of The Moore Family Trust**

82. Plaintiff alleges that on or about 10/07/16 the Debtor, Kimberly Barbour concealed and failed to list the personal property of Creditor, *The Moore Family Trust* that was in exclusive control of the defendant/Debtor, Kimberly Barbour aka Kimberly Martin-Bragg.

83. Plaintiff further alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list on the appropriate bankruptcy schedule, the property of Creditor, *The Moore Family Trust  which the Debtor, Kimberly Barbour held, had,* and on information and belief still has exclusive control.

//

**Property of United Broadcasting Group**

84. Plaintiff alleges that on or about 10/07/16 the Debtor, Kimberly Barbour concealed and failed to list the personal property of Creditor, *United Broadcasting Group* that was in exclusive control of the defendant/Debtor, Kimberly Barbour aka Kimberly Martin-Bragg.

85. Plaintiff further alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A.  SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list on the appropriate bankruptcy schedule, the property of Creditor, *United Broadcasting Group which the Debtor, Kimberly Barbour held, had,* and on information and belief still has exclusive control.

**Property of Urban Radio Broadcasting, LLC**

86. Plaintiff alleges that on or about 10/07/16 the Debtor, Kimberly Barbour concealed and failed to list the personal property of Creditor, *Urban Radio Broadcasting, LLC* that was in exclusive control of the defendant/Debtor, Kimberly Barbour aka Kimberly Martin-Bragg.

87. Plaintiff further alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A.  SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list on the appropriate bankruptcy schedule, the property of Creditor, *Urban Radio Broadcasting, LLC which the Debtor, Kimberly Barbour held, had,* and on information and belief still has exclusive control.

**Property of West Viking Studios**

88. Plaintiff alleges that on or about 10/07/16 the Debtor, Kimberly Barbour concealed and failed to list the personal property of Creditor, *West Viking Studios* that was in exclusive control of the defendant/Debtor, Kimberly Barbour aka Kimberly Martin-Bragg.

89. Plaintiff further alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list on the appropriate bankruptcy schedule, the property of Creditor, *West Viking Studios which the Debtor, Kimberly Barbour held, had,* and on information and belief still has exclusive control.

**Property of Rick Wilson**

90. Plaintiff alleges that on or about 10/07/16 the Debtor, Kimberly Barbour concealed and failed to list the personal property of Creditor, *Rick Wilson* that was in exclusive control of the defendant/Debtor, Kimberly Barbour aka Kimberly Martin-Bragg.

91. Plaintiff further alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list on the appropriate bankruptcy schedule, the property of Creditor, *Rick Wilson which the Debtor, Kimberly Barbour held, had,* and on information and belief still has exclusive control.

**Property of Samayack/New Frontier**

92. Plaintiff alleges that on or about 10/07/16 the Debtor, Kimberly Barbour concealed and failed to list the personal property of Creditor, ***Samayack/New Frontier*** that was in exclusive control of the defendant/Debtor, Kimberly Barbour aka Kimberly Martin-Bragg.

93. Plaintiff further alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list on the appropriate bankruptcy schedule, the property of Creditor, ***Samayack/New Frontier which the Debtor, Kimberly Barbour held, had,*** and on information and belief still has exclusive control.

**Property of V.J Chandran**

94. Plaintiff alleges that on or about 10/07/16 the Debtor, Kimberly Barbour concealed and failed to list the personal property of Creditor, ***V.J Chandran*** that was in exclusive control of the defendant/Debtor, Kimberly Barbour aka Kimberly Martin-Bragg.

95. Plaintiff further alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list on the appropriate bankruptcy schedule, the property of Creditor, ***V.J Chandran which the Debtor, Kimberly Barbour held, had,*** and on information and belief still has exclusive control.

**Property of Van Johnson**

96. Plaintiff alleges that on or about 10/07/16 the Debtor, Kimberly Barbour concealed and failed to list the personal property of Creditor, *Van Johnson* that was in exclusive control of the defendant/Debtor, Kimberly Barbour aka Kimberly Martin-Bragg.

97. Plaintiff further alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing and failing to list on the appropriate bankruptcy schedule, the property of Creditor, *Van Johnson which the Debtor, Kimberly Barbour held, had,* and on information and belief still has exclusive control.

**SCHEDULE H  Co-debtor Property and Financial Assets of the Co-Debtor George Barbour**

98. Plaintiff alleges that on or about 10/07/16 the Debtor, Kimberly Barbour knowingly and fraudulently conceals from the Bankruptcy Court and the Bankruptcy Trustee the income and financial assets of **George Barbour, the Co-debtor identified in scheduled H.**

99. Plaintiff further alleges that LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by knowingly and fraudulently concealing from the Bankruptcy Court and the

Bankruptcy Trustee the income and financial assets of **George Barbour, the Co-debtor identified in scheduled H.**

*Give details about Your Business or Connections to Any Business (Dkt. 10., Part 11; #27).*

*Within 4 Years before you filed for Bankruptcy, Did you own a business or have any of the following connections to any business?*

*\*Owner of at least 5% of the voting or equity securities of a corporation*

100.    Plaintiff alleges that on or about Plaintiff alleges that on or about 10/07/16, **(Dkt.10.),** and subsequent thereafter, LAW OFFICE OF PETER M. LIVELY, in concert with STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally orchestrated an unconscionable plan or scheme which was designed to improperly influence the Bankruptcy court and the Bankruptcy Trustee in their decision by intentionally, willfully, knowingly and purposefully misrepresented material facts in Debtor, Kimberly Barbour's *Business Connection to wit,* LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour intentionally and fraudulently claimed that Kimberly Barbour is associated with Rene Moore Music Inc, Rufftown Entertainment group, and Radio Multi -Media, Inc  in Kimberly Barbour's statements and schedules in order to qualify for a Chapter 7 bankruptcy proceeding.

101.    *Neither Rene Moore Music Inc, Rufftown Entertainment group, nor Radio Multi Media, Inc  had or has business association with the Debtor.*

Additionally, the Debtor, Kimberly Barbour is not Owner *of at least 5% of the voting or equity securities of Rene Moore Music Inc, Rufftown Entertainment group, nor Radio Multi - Media, Inc as falsely claimed by the Defendants.*

102.    Plaintiff alleges that Defendants, LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by intentionally and purposely attesting or stating that  the Debtor, Kimberly Barbour is the *Owner of at least 5% of the voting or equity securities of Rene Moore Music Inc, Rufftown Entertainment group, nor Radio Multi -Media, Inc when they know that to be false.*

103.    *Additionally,* Plaintiff alleges that Defendants, LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour knowingly and intentionally committed a fraudulent act by concealing the Debtor's association with **Inovest Pointe** which conducted business at: 6160 Shenandoah Avenue, Los Angeles, CA 90056.   **(Exhibit K).**

104.    Plaintiff alleges that Defendants, LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour orchestrated an unconscionable plan or scheme which is designed to improperly influence the Bankruptcy court in its decision by intentionally, willfully, knowingly and purposefully misrepresented that Ivan Rene Moore is indebted to the Debtor, Kimberly Barbour in the sum of **$2, 240, 000.00** Kimberly Martin-Bragg aka Kimberly

Barbour's financial assets in Kimberly Barbour's statements and schedules in order to qualify for a Chapter 7 bankruptcy proceeding.

105.   Plaintiff alleges that LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour orchestrated an unconscionable plan or scheme which is designed to improperly influence the Bankruptcy court and Bankruptcy Trustee in their decisions by intentionally, willfully, knowingly and purposefully misrepresented that Kimberly Barbour has an Ownership in *Rene Moore Music, Radio Multi Media, Radio Multi Media investments, Rufftown Entertainment Group which owns musical/recording equipment, masters and publishing rights* in order for Kimberly Barbour to qualify for a Chapter 7 bankruptcy proceeding when LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation know that to be false.

106.   Plaintiff alleges that on or about 10/07/16, or subsequent thereafter, LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour orchestrated an unconscionable plan or scheme which is designed to improperly influence the Bankruptcy court and Bankruptcy Trustee in their decisions by intentionally, willfully, knowingly and purposefully incite, encouraged or counselled Kimberly Barbour to filed false *DECLARATION CONCERNING DEBTOR'S SCHEDULES* in order for Kimberly Barbour to fraudulently qualify for a Chapter 7 bankruptcy proceeding when Defendants, LAW OFFICE OF PETER M.

LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, knew that Penalty for making a false statement or concealing property carries a Fine of up to $500,000 or imprisonment for up to 5 years or both under **18 U.S.C. §§ 152 and 3571**.

107.    Plaintiff alleges that LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour orchestrated an unconscionable plan or scheme which is designed to improperly influence the Bankruptcy court and Bankruptcy Trustee in their decisions by intentionally, willfully, knowingly and purposefully incite, encouraged or counselled Kimberly Barbour to misrepresent in **that, Mr. Moore transferred ownership of his business entitled:** *Rene Moore Music, Radio Multi Media, Radio Multi Media Investments, and Rufftown Entertainment Group.* Defendants, LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour made this statement knowing that it was false and did so in the deliberate intent to commit Bankruptcy Fraud and in violation of **18 U.S.C. § 157**, **18 U.S.C. § 152**, and **11 U.S.C. § 521**.

//

//

//

//

//

# FIRST CAUSE OF ACTION

## (BANKRUPTCY FRAUD-CONCEALMENT AND MAKING A FALSE STATEMENT IN VIOLATION OF 18 U.S.C. § 157)

## (AGAINST ALL THE DEFENDANTS)

108.    The allegations in the preceding paragraphs are incorporated herein by reference as if set forth in full.

109.    Title 18 U.S.C. § 157 prohibits devising or intending to devise a scheme or artifice to defraud and, for purposes of executing or concealing the scheme either (1) filing a bankruptcy petition; (2) filing a document in a bankruptcy proceeding; or (3) making a false statement, claim, or promise (a) in relationship to a bankruptcy proceeding either before or after the filing of the petition; or (b) in relation to a proceeding falsely asserted to be pending under the Bankruptcy Code. This section, which is patterned after the mail and wire fraud statutes, was added by the Bankruptcy Reform Act of 1994. This statute applies to any bankruptcy fraud scheme that continues or begins after October 22, 1994--the effective date of the Bankruptcy Reform Act of 1994.

Section 157 provides that:

A person who, having devised or intending to devise a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do so-

1.    files a petition under title 11;
2.    files a document in a proceeding under title 11; or
3.    makes a false or fraudulent representation, claim, or promise concerning or in relation to a proceeding under title 11, at any time before or after the filing of the petition, or in relation to a proceeding falsely asserted to be pending under such title, shall be fined under this title, imprisoned not more than 5 years, or both.

//

//

//

110.    Plaintiff alleges that, the Debtor and Defendant, KIMBERLY BARBOUR, acting in concert with Defendants, STEVEN A. SCHUMAN, LEE T. DICKER, LEORNARD, LAW OFFICE OF PETER M. LIVELY, DICKER & SCHREIBER LLP, knowingly and intentionally committed a fraudulent act by failing to list an asset on the appropriate bankruptcy schedule to prevent the creditor's property from being considered by the Bankruptcy Court and the Bankruptcy Trustee; and knowingly made  false statement in the bankruptcy paperwork, falsified financial documents used to support a credit request and misrepresented the debtor's worth in Kimberly Barbour's statements and schedules in order to qualify for a Chapter 7 bankruptcy proceeding in violation of 18 U.S.C. § 157.

**WHEREFORE**, Plaintiff, Ivan Rene Moore respectfully requests that the Court:

(a)   dismiss the case and prohibit another filing for a period

(b)   deny the discharge of the debts the debtor remains responsible for paying it,

(c)   impose some other sanction and

(d)   for such other and further relief the Court deems appropriate.

SECOND CAUSE OF ACTION

(BANKRUPTCY FRAUD-CONCEALMENT OF PROPERTY IN
VIOLATION OF 18 U.S.C. § 152)

(AGAINST ALL THE DEFENDANTS)

111.    The allegations in the preceding paragraphs are incorporated herein by reference as if set forth in full.

**Concealment of assets; false oaths and claims**

112.    Plaintiff alleges that the Debtor, Kimberly Barbour, fraudulently engaged in concealment of assets and made false oaths and claims in her statements and schedules in order to qualify for a Chapter 7 bankruptcy proceeding.

113.    18 U.S.C. § 152 provides in pertinent part that:

A person who—

**(1)** knowingly and fraudulently conceals from a custodian, trustee, marshal, or other officer of the court charged with the control or custody of property, or, in connection with a case under title 11, from creditors or the United States Trustee, any property belonging to the estate of a <u>debtor</u>;  **(18 U.S. Code § 152 (1).).**

**(2)** knowingly and fraudulently makes a false oath or account in or in relation to any case under title 11;  **(18 U.S. Code § 152 (2).).**

**(3)** knowingly and fraudulently makes a false declaration, certificate, verification, or statement under penalty of perjury as permitted under <u>section 1746 of title 28</u>, in or in relation to any case under title 11; **(18 U.S. Code § 152 (3).).**

**(7)** in a personal capacity or as an agent or officer of any person or corporation, in contemplation of a case under title 11 by or against the person or any other person or corporation, or with intent to defeat the provisions of title 11, knowingly and fraudulently transfers or conceals any of his property or the property of such other person or corporation;  **(18 U.S. Code § 152 (7).).**

**(8)**after the filing of a case under title 11 or in contemplation thereof, knowingly and fraudulently conceals, destroys, mutilates, falsifies, or makes a false entry in any recorded information (including books, documents, records, and papers) relating to the property or financial affairs of a <u>debtor</u>; or **(18 U.S. Code § 152 (8).).**

**(9)**    after the filing of a case under title 11, knowingly and fraudulently withholds from a custodian, trustee, marshal, or other officer of the court or a United States Trustee entitled to its possession, any recorded information (including books, documents, records, and papers) relating to the property or financial affairs of a <u>debtor</u>,  **(18 U.S. Code § 152 (9).).**

//

//

114.    Plaintiff alleges that, the Debtor and Defendant, KIMBERLY BARBOUR,  acting

in concert with Defendants, LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN,

LEE T. DICKER, LEORNARD, LAW OFFICE OF PETER M. LIVELY, DICKER &

SCHREIBER LLP, knowingly and intentionally committed a fraudulent act by failing to list an

asset on the appropriate bankruptcy schedule to prevent the creditor's property from being

considered by the Bankruptcy Court and the Bankruptcy Trustee; and knowingly made   false

statement in the bankruptcy paperwork, falsified financial documents used to support a credit

request and misrepresented the debtor's worth in Kimberly Barbour's statements and schedules in

order to qualify for a Chapter 7 bankruptcy proceeding in violation of **(18 U.S. Code § 152 (1).).**

115.    Plaintiff alleges that on **or about 7/7/2021, pursuant** to a lawfully executed

warrant, the Los Angeles Sheriffs recovered *the* **1971/72 Camaro which the Debtor, Kimberly**

**Barbour aka Kimberly Martin-Bragg concealed in her residence located at 6150**

**Shenandoah Avenue, Los Angeles, California 90056.  (Exhibit L).**

116.    Plaintiff further alleges that the Debtor/Defendant, Kimberly Barbour aka Kimberly

Martin-Bragg acting in concert with Defendants, LAW OFFICE OF PETER M. LIVELY,

STEVEN A. SCHUMAN, LEE T. DICKER, LEORNARD, LAW OFFICE OF PETER M.

LIVELY, DICKER & SCHREIBER LLP knowingly and fraudulently conceals from the

Bankruptcy Court, and Bankruptcy Trustee the 1971/**72** Camaro which the Debtor, Kimberly

Barbour, the Property of Ivan Rene Moore.   Plaintiff alleges that the 1971/72 Camaro was

uncovered on 7/7/2021 by the Los Angeles Sheriff Officers pursuant to a lawfully issues warrant,

117.    Plaintiff alleges that on or about 10/07/16, **(Dkt.10.),** or subsequent thereafter,

LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE

T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law

corporation, acting in concert with KIMBERLY MARTIN-BRAGG AKA KIMBERLY

BARBOUR orchestrated an unconscionable plan or scheme which is designed to improperly

influence the Bankruptcy court and Bankruptcy Trustee in their decisions by intentionally,

willfully, knowingly and purposefully concealed the fact that the Debtor, Kimberly Barbour was

in exclusive control of the **1971/72 Camaro** and filed to *Identify or disclose the existence of the*

*1971/72 Camaro Property as required in Part 9; #23 of the Debtor's Bankruptcy.  The 1979*

*Camaro is property of owned by someone else* which the Debtor, Kimberly Barbour  *held or*

*control any property.*

118. Additionally, Plaintiff alleges that on or about 10/07/16, **(Dkt.10.),** LAW OFFICE OF

PETER M. LIVELY,  STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an

Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation,

acting in concert with KIMBERLY MARTIN-BRAGG AKA KIMBERLY BARBOUR

orchestrated an unconscionable plan or scheme which is designed to improperly influence the

Bankruptcy court and Bankruptcy Trustee in their decisions by intentionally, willfully, knowingly

and purposefully concealed the fact that the Debtor, Kimberly Barbour was in exclusive control of

the personal property owned by the following Creditors:

(i)      Creditor, **Alamode Music**;

(ii)     Creditor, **Bruce Swedien**;

(iii)     Creditor, *G & S Electronic*;

(iv)     Creditor, *I.R.M. Production;*

(v)     Creditor, *Ima Moore Investments;*

(vi)     Creditor, *Joseph & Helen Easton Investments;*

(vii)     Creditor, *Kara Financial;*

(viii)    Creditor, *Kevin Wagner;*

(ix)    Creditor, *Loren Chaney;*

(x)    Creditor, *Radio Multi Media Investments;*

(xi)    Creditor, *Rene & Angela;*

(xii)    Creditor, *Rene Moore Music;*

(xiii)    Creditor, *Ronald Hills;*

(xiv)    Creditor, *Rufftown Entertainment Group, Inc;*

(xv)    Creditor, *Rufftown Records, LLC;*

(xvi)    Creditor, *Sam Essiens;*

(xvii)    Creditor, *Central South Distribution.*

(xviii)    Creditor, *Suti Music;*

(xix)    Creditor, **The Estate of IMA Moore;**

(xx)    Creditor, *The Estate of Ima Moore;*

(xxi)    Creditor, *The Moore Family Trust;*

(xxii)    Creditor, *United Broadcasting Group;*

(xxiii)    Creditor, **Urban Radio Broadcasting, LLC;**

(xxiv)    Creditor, **West Viking Studios;**

(xxv)    **Creditor Rick Wilson;**

(xxvi)    **Creditor, Samayack/New Frontier;**

(xxvii)    Creditor, **V.J Chandran**  and

(xxviii)    Creditor, **Van Johnson**

//

//

119.    Plaintiff alleges that on or about 10/07/2016, the Debtor, Kimberly Barbour fraudulently makes a false oath or account in or in relation to any case  under title 11 in violation of **18 U.S. Code § 152 (2) and 18 U.S. Code § 152 (3).**

120.    Plaintiff further alleges that Plaintiff alleges that 10/07/16, LAW OFFICE OF PETER M. LIVELY,  STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting  in  concert  with  Kimberly  Martin-Bragg  aka  Kimberly  Barbour  orchestrated  an unconscionable plan or scheme which is designed to improperly influence the Bankruptcy court and Bankruptcy Trustee in their decisions by intentionally, willfully, knowingly and purposefully incite,  encouraged  or  counselled  Kimberly  Barbour  to  filed  false  ***DECLARATION CONCERNING DEBTOR'S SCHEDULES*** in  order  for  Kimberly  Barbour  to  fraudulently qualify for a Chapter 7 bankruptcy proceeding in violation of **18 U.S. Code § 152 (2) and 18 U.S. Code § 152 (3).**

121.    Plaintiff further alleges that Plaintiff alleges that 10/07/16, LAW OFFICE OF PETER M. LIVELY,  STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour orchestrated an unconscionable plan or scheme with fraudulent intent to defeat the provisions of title **11 U.S.C. § 523(a)(6)** in violation of **(18 U.S. Code § 152 (7)** and by tendering false evidence of non-compliance of production of document to induce the Bankruptcy Court impose sanction on the Plaintiff.

//

//

122.    Plaintiff further alleges that Plaintiff alleges that 10/07/16, LAW OFFICE OF

PETER M. LIVELY,  STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an

Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation,

acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour orchestrated an

unconscionable plan or scheme with fraudulent intent to conceal, destroys, mutilates, falsifies, or

makes a false entry in any recorded information (including books, documents, records, and papers)

relating to the property or financial affairs of a <u>debtor</u> in violation of  **18 U.S. Code § 152 (8).).**

123.    Plaintiff further alleges that Plaintiff alleges that 10/07/16, LAW OFFICE OF

PETER M. LIVELY,  STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an

Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation,

acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour orchestrated an

unconscionable plan or scheme with fraudulent intent to knowingly and fraudulently withholds

from a custodian, trustee, marshal, or other officer of the court or a United States Trustee entitled

to its possession, any recorded information (including books, documents, records, and papers

relating to the property or financial affairs of a <u>debtor</u> in violation of  **18 U.S. Code § 152 (9).).**

124.    Defendants, LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an

Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER &

SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka

Kimberly Barbour knowingly and fraudulently conceals from a custodian, trustee, marshal, or

other officer of the court charged with the control or custody of property, or, in connection with a

case under title 11, from creditors or the United States Trustee, any property belonging to the

estate of the <u>debtor</u> and conceal and failed to disclose of the property of someone else that the held

and in exclusive control of the debtor.

**WHEREFORE**, Plaintiff, Ivan Rene Moore respectfully requests that the Court:

(a)   dismiss the case and prohibit another filing for a period

(b)   deny the discharge of the debts the debtor remains responsible for paying it,

(c)   impose some other sanction and

(d)   for such other and further relief the Court deems appropriate.

THIRD CAUSE OF ACTION

(BANKRUPTCY FRAUD-CONCEALMENT OF PROPERTY IN
VIOLATION OF 11 U.S.C. § 521)

(AGAINST ALL THE DEFENDANTS)

125.    The allegations in the preceding paragraphs are incorporated herein by reference as if set forth in full.

***Concealment of Property***

126.    Plaintiff alleges that on or about 10/07/16, **(Dkt.10.),** and subsequent thereafter, LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with KIMBERLY MARTIN-BRAGG AKA KIMBERLY BARBOUR orchestrated an unconscionable plan or scheme which is designed to improperly influence the Bankruptcy court and Bankruptcy Trustee in their decisions by intentionally, willfully, knowingly and purposefully concealed the fact that the Debtor, Kimberly Barbour was in exclusive control of the **1971/72 Camaro** and filed to ***Identify or disclose the existence of the 1971/72 Camaro Property as required in Part 9; #23 of the Debtor's Bankruptcy.  The 1979***

*Camaro is property of owned by someone else* which the Debtor, Kimberly Barbour *held or control any property.*

127.    Plaintiff alleges that on or about 7/7/2021, pursuant to a lawfully executed warrant, the Los Angeles Sheriffs recovered the 1971/**72 Camaro which the Debtor, Kimberly Barbour aka Kimberly Martin-Bragg concealed in her residence located at 6150 Shenandoah Avenue, Los Angeles, California 90056.  (Please See Exhibit M).**

128.    Additionally, Plaintiff alleges that on or about 10/07/16, **(Dkt.10.),** and subsequent thereafter,   LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with KIMBERLY MARTIN-BRAGG AKA KIMBERLY BARBOUR orchestrated an unconscionable plan or scheme which is designed to improperly influence the Bankruptcy court and Bankruptcy Trustee in their decisions by intentionally, willfully, knowingly and purposefully concealed the fact that the Debtor, Kimberly Barbour was in exclusive control of the personal property owned by the following Creditors:

129.    Creditor, **Alamode Music**.  The creditor conducted business and stored its personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056.   The debtor and remaining Defendants concealed the creditor's property.

130.    Creditor, **Bruce Swedien**; the creditor conducted business and stored its personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056.   The debtor and remaining Defendants concealed the creditor's property.

//

//

131. Creditor, *G & S Electronic*; the creditor conducted business and stored its personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056. The debtor and remaining Defendants concealed the creditor's property.

132. Creditor, *I.R.M. Production;* the creditor conducted business and stored its personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056. The debtor and remaining Defendants concealed the creditor's property.

133. Creditor, *Ima Moore Investments;* the creditor conducted business and stored its personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056. The debtor and remaining Defendants concealed the creditor's property.

134. Creditor, *Joseph & Helen Easton Investments;* the creditor conducted business and stored its personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056. The debtor and remaining Defendants concealed the creditor's property.

135. Creditor, *Kara Financial;* the creditor conducted business and stored its personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056. The debtor and remaining Defendants concealed the creditor's property.

136. Creditor, *Kevin Wagner;* the creditor conducted business and stored his personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056. The debtor and remaining Defendants concealed the creditor's property.

//

//

137.    Creditor, **Loren Chaney;** the creditor conducted business and stored his personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056.   The debtor and remaining Defendants concealed the creditor's property.

138.    Creditor, **Radio Multi-Media Investments;** the creditor conducted business and stored its personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056.   The debtor and remaining Defendants concealed the creditor's property.

139.    Creditor, **Rene & Angela;** the creditor conducted business and stored its personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056.   The debtor and remaining Defendants concealed the creditor's property.

140.    Creditor, **Rene Moore Music;** the creditor conducted business and stored its personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056.   The debtor and remaining Defendants concealed the creditor's property.

141.    Creditor, **Ronald Hills;** the creditor conducted business and stored its personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056.   The debtor and remaining Defendants concealed the creditor's property.

142.    Creditor, **Rufftown Entertainment Group, Inc;** the creditor conducted business and stored its personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056.   The debtor and remaining Defendants concealed the creditor's property.

//

//

//

143.    Creditor, *Rufftown Records, LLC;* the creditor conducted business and stored its personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056.   The debtor and remaining Defendants concealed the creditor's property.

144.    Creditor, *Sam Essien;* the creditor conducted business and stored his personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056.   The debtor and remaining Defendants concealed the creditor's property.

145.    Creditor, *Central South Distribution;* the creditor conducted business and stored its personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056.   The debtor and remaining Defendants concealed the creditor's property.

146.    Creditor, *Suti Music;* the creditor conducted business and stored its personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056.   The debtor and remaining Defendants concealed the creditor's property.

147.    Creditor, **The Estate of Ima Moore;** the creditor conducted business and stored its personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056.   The debtor and remaining Defendants concealed the creditor's property.

148.    Creditor, *The Estate of Ima Moore;* the creditor conducted business and stored its personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056.   The debtor and remaining Defendants concealed the creditor's property.

149.    Creditor, ***The Moore Family Trust;*** the creditor conducted business and stored its personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056.   The debtor and remaining Defendants concealed the creditor's property.

150.    Creditor, ***United Broadcasting Group;*** the creditor conducted business and stored its personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056.   The debtor and remaining Defendants concealed the creditor's property.

151.    Creditor, **Urban Radio Broadcasting, LLC;** the creditor conducted business and stored its personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056.   The debtor and remaining Defendants concealed the creditor's property.

152.    Creditor, **West Viking Studios;** the creditor conducted business and stored its personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056.   The debtor and remaining Defendants concealed the creditor's property.

153.    **Creditor Rick Wilson;** the creditor conducted business and stored his personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056.   The debtor and remaining Defendants concealed the creditor's property.

154.    **Creditor, Samayack/New Frontier;** the creditor conducted business and stored its personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056.   The debtor and remaining Defendants concealed the creditor's property.

155.    Creditor, **V.J Chandran** and the creditor conducted business and stored his personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056.   The debtor and remaining Defendants concealed the creditor's property.

156.    Creditor, **Van Johnson;** the creditor conducted business and stored her personal property at the Music Studio, commonly described as: 6150 Shenandoah, Avenue, Los Angeles, California 90056.   The debtor and remaining Defendants concealed the creditor's property.

### *Willful Misrepresentation*

157.    Plaintiff alleges that on or about 10/07/16, **(Dkt.10.),** LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with KIMBERLY MARTIN-BRAGG AKA KIMBERLY BARBOUR orchestrated an unconscionable plan or scheme which is designed to improperly influence the Bankruptcy court and Bankruptcy Trustee in their decisions by intentionally, willfully, knowingly and purposefully misrepresent that the Total amount of all property on schedule **A/B** was **$4,944,916.76** in her statements and schedules in order to qualify for a Chapter 7 bankruptcy proceeding.

158.    Plaintiff alleges that on or about 10/07/16, **(Dkt.10.),** and subsequently thereafter, Defendants, LAW OFFICE OF PETER M. LIVELY,  STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with KIMBERLY MARTIN-BRAGG AKA KIMBERLY BARBOUR orchestrated an unconscionable plan or scheme which is designed to improperly influence the Bankruptcy court and Bankruptcy Trustee in their decisions by intentionally, willfully, knowingly and purposefully misrepresent in the Debtor's **schedule C** that the real property commonly described as:  6150 Shenandoah Avenue, Los Angeles, California was

exempt property in  Kimberly Barbour's statements and schedules in order for Kimberly Barbour

to qualify for a Chapter 7 bankruptcy proceeding when , LAW OFFICE OF PETER M. LIVELY,

STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court,

LEORNARD, DICKER & SCHREIBER, a law firm of law corporation know that to be false.

159.    Plaintiff alleges that on or about 10/07/16, **(Dkt.10.),** and subsequently thereafter,

LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE

T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law

corporation, acting in concert with KIMBERLY MARTIN-BRAGG AKA KIMBERLY

BARBOUR orchestrated an unconscionable plan or scheme which is designed to improperly

influence the Bankruptcy court and Bankruptcy Trustee in their decisions by intentionally,

willfully, knowingly and purposefully misrepresent in the Debtor's **schedule C** that the real

property commonly described as:  6160 Shenandoah Avenue, Los Angeles, California was exempt

property in  Kimberly Barbour's statements and schedules in order for Kimberly Barbour to

qualify for a Chapter 7 bankruptcy proceeding when STEVEN A. SCHUMAN, an Officer of the

Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law

firm of law corporation know that to be false .

160.    Plaintiff alleges that on or about 10/07/16, **(Dkt.10.),** LAW OFFICE OF PETER

M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of

the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in

concert with Kimberly Martin-Bragg aka Kimberly Barbour orchestrated an unconscionable plan

or scheme which is designed to improperly influence the Bankruptcy court and Bankruptcy

Trustee in their decisions by intentionally, willfully, knowingly and purposefully incite,

encouraged or counselled Kimberly Barbour to misrepresent in her **STATEMENT OF**

**FINANCIAL AFFAIRS that: Mr. Moore transferred ownership of his business entitled:**

***Rene Moore Music, Radio Multi Media, Radio Multi Media Investments, and Rufftown***

***Entertainment Group*** to the Debtor, Kimberly Barbour aka Kimberly Martin-Bragg in order for

Kimberly Barbour to fraudulently qualify for a Chapter 7 bankruptcy proceeding when

Defendants, LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the

Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law

firm of law corporation, knew that to be false and knew or should have known that the Penalty for

making a false statement or concealing property carries a Fine of up to $500,000 or imprisonment

for up to 5 years or both under **18 U.S.C. §§ 152 and 3571**.

WHEREFORE, the Plaintiff, Ivan Rene Moore respectfully requests that the Court:

(a) dismiss the case and prohibit another filing for a period

(b) deny the discharge of the debts the debtor remains responsible for paying it,

(c) impose some other sanction and

(d) for such other and further relief the Court deems appropriate.

### FOURTH CAUSE OF ACTION

**(INDEPENDENT ACTION FOR RELIEF FROM DISCHARGE ORDER TO REMEDY FRAUD UPON THE COURT (FED. R. CIV. P. 60(d)(3))**

**(AGAINST ALL THE DEFENDANTS)**

161.    The allegations in the preceding paragraphs are incorporated herein by reference as if set forth in full.

//

//

162.    Plaintiff alleges that, Defendants, LAW OFFICE OF PETER M. LIVELY,

STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court,

LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with

Kimberly Martin-Bragg aka Kimberly Barbour, committed fraud upon this Court by orchestrating

unconscionable schemes to deceive this court and made misrepresentations directed at the judicial

machinery in order for Kimberly Barbour to fraudulently qualify for a Chapter 7 bankruptcy

proceeding and to obtain a discharge of the *$3.15 Million dollars* jury verdict occasioned by the

Debtor's intentional and malicious injury to the person of the Plaintiff and his property.

163.    Fed. R. Civ. P. 60(d)(3) sets forth grounds upon which the Court may relieve a

party from a final judgment or order. Rule 60(d)(3) explains that "[t]his rule does not limit a

court's power to set aside a judgment for fraud on the court." Rule 60(d)(3) is a codification of the

Court's "inherent power … to investigate whether a judgment was obtained by fraud." *Universal

Oil Products Co. v. Root Ref. Co*., 328 U.S. 575, 580 (1946). "There is no statute of limitations for

fraud on the court. And jurisdiction exists to consider such a claim even if there are no adversary

parties then present before the court." Valerio v. Boise Cascade Corp., 80 F.R.D. 626, 640 n.10

(N.D. Cal. 1978) aff'd, 645 F.2d 699 (9th Cir. 1981).

164.    The fabrication of evidence by a party in which an attorney is implicated, will

constitute fraud on the court. *Please see,* Rozier v. Ford Motor Co., 573 F.2d 1332, 1338 (5th Cir.

1978).

165.    Plaintiff alleges  inter alia, that, that, Defendants, LAW OFFICE OF PETER M.

LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the

Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert

with Kimberly Martin-Bragg aka Kimberly Barbour, committed  fraud  upon  this  Court  by

knowingly, purposely, and intentionally misrepresented in the Debtor's statements and schedules

that the Debtor loan the Plaintiff and/or his corporations to wit, *Rene Moore Music, Rufftown*

*Entertainment Group, Inc., and in Radio Multi-Media, Inc the sum of* <u>**$2,420,000.00**</u> when

Defendants and each of them knew that to be false.

166.    Plaintiff alleges that on or about Plaintiff alleges that on or about 10/07/16,

**(Dkt.10. at 19.),** and subsequently thereafter, LAW OFFICE OF PETER M. LIVELY, STEVEN

A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD,

DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-

Bragg aka Kimberly Barbour orchestrated an unconscionable plan or scheme which was designed

to improperly influence the Bankruptcy court and the Bankruptcy Trustee in their decision by

intentionally, willfully, knowingly and purposefully misrepresented material facts in Debtor,

Kimberly Barbour's *Financial Assets to wit,* LAW OFFICE OF PETER M. LIVELY, STEVEN

A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD,

DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-

Bragg aka Kimberly Barbour falsely claimed that the Debtor, Kimberly Barbour has 100% interest

in *Rene Moore Music,* 100% interest in *Rufftown Entertainment Group, Inc., and* 100% interest

*in Radio Multi-Media, Inc* in in Kimberly Barbour's statements and schedules in order to qualify

for a Chapter 7 bankruptcy proceeding.    Plaintiff alleges that, Kimberly Martin-Bragg aka

Kimberly Barbour <u>***does not have***</u> 100% interest in *Rene Moore Music,* 100% interest in *Rufftown*

*Entertainment Group, Inc., or* 100% interest *in Radio Multi-Media, Inc*.   Defendants, LAW

OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T.

DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law

corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour made this

statement knowing that it was false and did so in the deliberate intent to commit Bankruptcy Fraud

and in violation of **18 U.S.C. § 157**, **18 U.S.C. § 152**, and **11 U.S.C. § 521**.

167.    Plaintiff alleges on or about 10/07/16, **(Dkt.10. at 26.)**, LAW OFFICE OF PETER

M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of

the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in

concert with Kimberly Martin-Bragg aka Kimberly Barbour orchestrated an unconscionable plan

or scheme which was designed to improperly influence the Bankruptcy court and the Bankruptcy

Trustee in their decision by intentionally, willfully, knowingly and purposefully misrepresented

material facts in Debtor, Kimberly Barbour's *Financial Assets to wit,* STEVEN A. SCHUMAN,

an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER &

SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka

Kimberly Barbour falsely claimed that the Debtor, Kimberly Barbour has *Patents, Copyrights,*

*trademarks, trade secrets, and other intellectual in Various Master Recordings Secured via*

*Wells Fargo UCC-1 related to Wells Fargo Loan to Ivan Rene Moore* in Kimberly Barbour's

statements and schedules in order to qualify for a Chapter 7 bankruptcy proceeding.   Defendants,

LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE

T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law

corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour made this

statement knowing that it was false and did so in the deliberate intent to commit Bankruptcy Fraud

and in violation of **18 U.S.C. § 157**, **18 U.S.C. § 152**, and **11 U.S.C. § 521**.

168.    Plaintiff alleges that on or about Plaintiff alleges that on or about 10/07/16,

**(Dkt.10. at 30.),** and subsequently thereafter, LAW OFFICE OF PETER M. LIVELY, STEVEN

A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD,

DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour orchestrated an unconscionable plan or scheme which was designed to improperly influence the Bankruptcy court and the Bankruptcy Trustee in their decision by intentionally, willfully, knowingly and purposefully misrepresented material facts in Debtor, Kimberly Barbour's *Financial Assets to wit,* STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour *falsely and fraudulently* claimed in *Other amounts someone owes you*, to wit, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour *falsely and fraudulently* attests: **Loans and Advances Made to Ivan Rene Moore, Rene-Moore Music Inc., Rufftown Entertainment Group, Inc., and G&S Electronics in the amount of $2,420,000.00** in the Debtor, Kimberly Barbour has  in Kimberly Barbour's statements and schedules in order to qualify for a Chapter 7 bankruptcy proceeding.  Defendants, LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour made this statement knowing that it was false and did so in the deliberate intent to commit Bankruptcy Fraud and in violation of **18 U.S.C. § 157**, **18 U.S.C. § 152**, and **11 U.S.C. § 521**.

169.    Plaintiff alleges that Kimberly Barbour aka Kimberly Martin-Bragg did not  Loan or made any Advances to Ivan Rene Moore, Rene-Moore Music Inc., Rufftown Entertainment Group, Inc., and G&S Electronics in the amount of $2,420,000.00.

//

170.    Plaintiff alleges that on or about Plaintiff alleges that 10/07/16, **(Dkt.10. 62.),**  and subsequently thereafter, LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour orchestrated an unconscionable plan or scheme which is designed to improperly influence the Bankruptcy court in its decision by intentionally, willfully, knowingly and purposefully misrepresented the Total of all property on schedule **A/B** in the amount of **$4,944,916.76** in Kimberly Barbour's statements and schedules in order to qualify for a Chapter 7 bankruptcy proceeding.    Defendants, LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour made this statement knowing that it was false and did so in the deliberate intent to commit Bankruptcy Fraud and in violation of **18 U.S.C. § 157**, **18 U.S.C. § 152**, and **11 U.S.C. § 521**.

171.    Plaintiff alleges that on or about 10/07/16, **(Dkt.10.),**  and subsequently thereafter, LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with KIMBERLY MARTIN-BRAGG AKA KIMBERLY BARBOUR orchestrated an unconscionable plan or scheme which is designed to improperly influence the Bankruptcy court and Bankruptcy Trustee in their decisions by intentionally, willfully, knowingly and purposefully misrepresent that the Total amount of all property on schedule **A/B** was **$4,944,916.76** in her statements and schedules in order to qualify for a Chapter 7 bankruptcy proceeding.

172.    Plaintiff alleges that on or about 10/07/16, **(Dkt.10.),**  and subsequently thereafter,

Defendants, LAW OFFICE OF PETER M. LIVELY,  STEVEN A. SCHUMAN, an Officer of the

Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law

firm of law corporation, acting in concert with KIMBERLY MARTIN-BRAGG AKA

KIMBERLY BARBOUR orchestrated an unconscionable plan or scheme which is designed to

improperly influence the Bankruptcy court and Bankruptcy Trustee in their decisions by

intentionally, willfully, knowingly and purposefully misrepresent in the Debtor's **schedule C** that

the real property commonly described as:  6150 Shenandoah Avenue, Los Angeles, California was

exempt property in  Kimberly Barbour's statements and schedules in order for Kimberly Barbour

to qualify for a Chapter 7 bankruptcy proceeding when STEVEN A. SCHUMAN, an Officer of

the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a

law firm of law corporation know that to be false .

173.    Plaintiff alleges that on or about 10/07/16, **(Dkt.10.),** and subsequently thereafter,

 LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE

T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law

corporation, acting in concert with KIMBERLY MARTIN-BRAGG AKA KIMBERLY

BARBOUR orchestrated an unconscionable plan or scheme which is designed to improperly

influence the Bankruptcy court and Bankruptcy Trustee in their decisions by intentionally,

willfully, knowingly and purposefully misrepresent in the Debtor's **schedule C** that the real

property commonly described as:  6160 Shenandoah Avenue, Los Angeles, California was exempt

property in  Kimberly Barbour's statements and schedules in order for Kimberly Barbour to

qualify for a Chapter 7 bankruptcy proceeding when STEVEN A. SCHUMAN, an Officer of the

Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation know that to be false .

174.    Plaintiff alleges that on or about 10/07/16, **(Dkt.10.),**  LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with Kimberly Martin-Bragg aka Kimberly Barbour orchestrated an unconscionable plan or scheme which is designed to improperly influence the Bankruptcy court and Bankruptcy Trustee in their decisions by intentionally, willfully, knowingly and purposefully incite, encouraged or counselled Kimberly Barbour to misrepresent in her **STATEMENT OF FINANCIAL AFFAIRS that:  Mr. Moore transferred ownership of his business entitled:** *Rene Moore Music, Radio Multi Media, Radio Multi Media Investments, and Rufftown Entertainment Group* to the Debtor, Kimberly Barbour aka Kimberly Martin-Bragg in order for Kimberly Barbour to fraudulently qualify for a Chapter 7 bankruptcy proceeding when Defendants, LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, knew that to be false and knew or should have known that the Penalty for making a false statement or concealing property carries a Fine of up to $500,000 or imprisonment for up to 5 years or both under **18 U.S.C. §§ 152 and 3571**.

175.    A party may institute a direct attack on an otherwise final, valid judgment by way of an independent action to set it aside.  See, Bennett v. Hibernia Bank, 47 Cal. 2d 540, 558 [305 P.2d 20]; see Rest., Judgments, § 11, com. a and § 12, com. f; 5 Witkin, Cal. Procedure (2d ed. 1971) pp. 3584, 3586, 3745) where it appears that the complaining party was fraudulently prevented from presenting his claim or defense in the prior action.   See. United States v.

Throckmorton, 98 U.S. 61, 65-66 [25 L. Ed. 93, 95]; Kulchar v. Kulchar, 1 Cal. 3d 467, 471 [82

Cal. Rptr. 489, 462 P.2d 17]; Jorgensen v. Jorgensen, 32 Cal. 2d 13, 18 [193 P.2d 728]; Pico v.

Cohn, 91 Cal. 129, 133-134 [25 P. 970, 27 P. 537]; Rest., Judgments, § 118 et seq.; 5 Witkin, Cal.

Procedure (2d ed. 1971) p. 3752 et seq.) This rule is based upon the important public policy that

litigants be afforded a fair adversary proceeding in which fully to present their case. (Jorgensen v.

Jorgensen, supra.).

    176.    A false representation may be made orally, in writing, or by nonverbal conduct."

(*See Thrifty-Tel, Inc. v. Bezenek* (1996) 46 Cal.App.4th 1559, 1567 [54 Cal.Rptr.2d 468].) [F]alse

representations made recklessly and without regard for their truth in order to induce action by

another are the equivalent of misrepresentations knowingly and intentionally uttered.' " (*Engalla*

*v.Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951, 974 [64 Cal.Rptr.2d 843, 938 P.2d

903], internal quotation marks omitted.).

WHEREFORE, the Plaintiff, Ivan Rene Moore respectfully requests that the Court:

    (a)   dismiss the case and prohibit another filing for a period

    (b)   deny the discharge of the debts the debtor remains responsible for paying it,

    (c)   impose some other sanction and

    (d)   for such other and further relief the Court deems appropriate.

        //

        //

        //

        //

        //

## FIFTH CAUSE OF ACTION

### (11 U.S.C. § 523 (a)(6))

### (AGAINST ALL DEFENDANTS)

177.    The allegations in the preceding paragraphs are incorporated herein by reference as if set forth in full.

**11 U.S.C § 523(a)(6).**

178.  **11 U.S.C § 523(a) provides that:**

**(a)** A discharge under section 727, 1141, 1192$^{(**)}$, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—for willful and malicious injury by the debtor to another entity or to the property of another entity. (**11 U.S.C § 523(a)(6).**

178.    On July 29th, 2013, the State court Jury found the Debtor, Kimberly Martin-Bragg aka Kimberly Barbour liable to Ivan Rene Moore for intentional and malicious injuries. Specifically, the State Court Jury held Ms. Bragg liable to Mr. Moore for Conversion, and awarded Mr. Moore $2.5 million in damages and $650,000.00 in damages for lost profits for a total of **$3.15 million** for conversion (**See, Exhibit A**).   Additionally, the State Court jury found Ms. Bragg liable to Mr. Moore for Trespass to Chattel and awarded Mr. Moore **$2.5 million** in damages for trespass to chattel, and **$650,000.00** in damages for lost profits for a total of **$3.15 million** for trespass to chattel (**See, Exhibit B**).  Accordingly, the total amount of the jury award for Ms. Bragg's inattentional and malicious injuries to Mr. Moore and to the property of Mr. Moore was **$6,300,000.00.  (6.3 million dollars).**

//

//

//

179.    Subsequently, on November 8, 2013, Hon. Judge Michelle Rosenblatt who presided over case reduced the jury award to **$3.15 million** for the intentional and malicious injuries to Mr. Moore and to the Property of Mr. Moore caused by Ms. Bragg by way of interlocutory judgment

180.    On May 23, 2016, the Court entered a final Judgment incorporating and superseding the Interlocutory Judgment.

181.    Subsequently, the Debtor Appealed this Judgment and lost on Appeal. **(See Exhibit N).**

182.    While the United States Bankruptcy Code permits a court to discharge debts of an individual debtor in Chapter 7 bankruptcy pursuant to Section 727 Marrama v. Citizens Bank of Mass., 549 U.S. 365, 367 (2007), 11 U.S.C § 727(b) prohibits a discharged under 11 U.S.C § 523 because *inter alia*, Judgment obtained due intentional and malicious tort as here cannot be discharged in the Bankruptcy court.   Discharge pursuant to 11 U.S.C § 727(b) does not discharge individual debtor from certain types of debt enumerated in 11 U.S.C § 523(a).

***11 U.S.C § 523 Exception to Discharge***

11 U.S.C § 523(a) provides that in pertinent part that:

**Discharge under 11 U.S.C § 727 does not discharge an individual Debtor debt "for willful and malicious injury by the debtor to another entity or to the property of another entity. ( see, 11 U.S.C § 523(a)(6).).**

183.    The State Court Final Judgment arose from Defendant, Kimberly Martin-Bragg aka Kimberly Barbour's intentional and malicious injuries to Ivan Rene Moore ("Mr. Moore") and to the personal property of Mr. Moore.   After a two- week trial in the California Superior Court for conversion, trespass to chattel, and conversion of personal property, the jury unanimously returned ***Special Verdicts*** finding that Defendant, Kimberly Martin-Bragg ("Ms. Bragg"), intentionally

caused injury to Plaintiff, Ivan Rene Moore and to various personal property.  Accordingly, the

State Court Jury found Ms. Bragg liable to Mr. Moore for Conversion, and awarded Mr. Moore

$2.5 million in damages and **$650,000.00** in damages for lost profits for a total of **$3.15 million**

for conversion (**See, Exhibit A**).   Additionally, the State Court jury found Ms. Bragg liable to Mr.

Moore for Trespass to Chattel and awarded Mr. Moore $2.5 million in damages for trespass to

chattel, and **$650,000.00** in damages for lost profits for a total of **$3.15 million** for trespass to

chattel (**See, Exhibit B** ).  Accordingly, the total amount of the jury award for Ms. Bragg's

inattentional and malicious injuries to Mr. Moore and to the property of Mr. Moore was

**$6,300,000.00.  (6.3 million dollars).**  Subsequently, on November 8, 2013, Hon. Judge Michelle

Rosenblatt who presided over case reduced the jury award to **$3.15 million** for the intentional and

malicious injuries to Mr. Moore and to the Property of Mr. Moore caused by Ms. Bragg by way of

interlocutory judgment

184.    This was a willful and malicious injury by the debtor to another under 11 U.S.C §

523(a)(6).) which made the Money Judgment non-dischargeable in bankruptcy court absent the

will of Congress through the implementation of bicameralism and presentment clause of the

United States Constitution which outlines federal legislative procedure by which bills originating

in Congress become federal law in the United States.   Frankly, it is not conceivable that the

United States Congress will impanel to create an exception under 11 U.S.C § 523(a) to suit Ms.

Bragg and Mr. Mr. Steven A. Schuman's vice.

**The United States Bankruptcy Court lack subject jurisdiction to discharge debt
under 11  U.S.C § 523(a)(6) absent the will of Congress of the United States**


//

//

185.    The United States Bankruptcy lack subject matter jurisdiction to discharged intention and malicious injuries to a persona and to the property of a person under 11 U.S.C § 523(a)(6).).

186.    Where there is not jurisdiction, there can be no discretion, for discretion is incident to jurisdiction. *Piper v. Pearson*, 2 Gray 120, cited in Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (1872).

187.    When a judicial Officer acts entirely without jurisdiction or without compliance with jurisdiction requisites he may be held civilly liable for abuse of process even though his act involved a decision made in good faith, that he had jurisdiction.   U.S. Fidelity & Guaranty Co. (State use of), 217 Miss, 576, 64 So. 2d 697.   Under federal law, the U.S. Supreme Court stated that "if a court is without authority, its judgments and orders are regarded as nullities.  They are not voidable, but simply void, and form no bar to recovery sought, even prior to a reversal in opposition to them.  They constitute no jurisdiction and all persona concerned in executing such judgments or sentences are considered, in law as trespassers.  **Elliot v. Piersol**, 1 Pet. 328, 340 26 U.S. 328, 340 (1828).

WHEREFORE, the Plaintiff, Ivan Rene Moore respectfully requests that the Court:

(a)   dismiss the case and prohibit another filing for a period

(b)   deny the discharge of the debts the debtor remains responsible for paying it,

(c)   impose some other sanction and

(d)    for such other and further relief the Court deems appropriate.

//

//

## SIXTH CAUSE OF ACTION

(11 U.S.C. § 727(a)(3))

(AGAINST ALL DEFENDANTS)

188.    The allegations in the preceding paragraphs are incorporated herein by reference as if set forth in full.

Section 727(a)(3) provides in relevant part:

(a) The court shall grant the debtor a discharge, unless– (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case[.]

189.    Plaintiff alleges that LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with KIMBERLY MARTIN-BRAGG AKA KIMBERLY BARBOUR, concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions.

180.    Plaintiff alleges that the purpose of this provision [§ 727(a)(3)] is 'to give creditors and the bankruptcy court complete and accurate information concerning the status of the debtor's affairs and to test the completeness of the disclosure requisite to a discharge.'" In re Devaul, 318 B.R. 824, 829 (Bankr.N.D.Ohio 2004) (quoting Meridian Bank v. Alten, 958 F.2d 1226, 1230 (3rd Cir. 1992) (remaining citations omitted). See also, In re Sigust, 255 B.R. 822, 827 (Bankr.W.D.La. 2000), aff'd, 281 F.3d 1280 (5th Cir. 2001) ("Section 727(a)(3) is intended "to give the trustee,

creditors, and the court complete and accurate information concerning the status of the debtor's affairs and financial history, and to test the completeness of the disclosure requirements to a discharge.'") (quoting In re Pulos, 168 B.R. 682 (Bankr.D.Minn. 1994)). Moreover, "[s]ection 727(a)(3) requires as a precondition to discharge that debtors produce records which provide creditors 'with enough information to ascertain the debtor's financial condition and track his financial dealings with substantial completeness and accuracy for a reasonable period past to present.'" Matter of Juzwiak, 89 F.3d 424, 427 (7th Cir. 1996)(quoting Bay State Milling Co. v. Martin (In re Martin), 141 B.R. 986, 995 (Bankr.N.D.Ill. 1992)(remaining citations omitted)).

181. Plaintiff alleges that, LAW OFFICE OF PETER M. LIVELY, STEVEN A. SCHUMAN, an Officer of the Court, LEE T. DICKER, an Officer of the Court, LEORNARD, DICKER & SCHREIBER, a law firm of law corporation, acting in concert with KIMBERLY MARTIN-BRAGG AKA KIMBERLY BARBOUR, concealed, complete and accurate information concerning the status of the debtor's affairs and to test the completeness of the disclosure requisite to a discharge in the Debtor's statement and schedule.

WHEREFORE, the Plaintiff, Ivan Rene Moore respectfully requests that the Court:

(a)  dismiss the case and prohibit another filing for a period

(b)  deny the discharge of the debts the debtor remains responsible for paying it,

(c)  impose some other sanction and

(d)  for such other and further relief the Court deems appropriate.

//

//

//

**(DAMAGES)**
**(AGAINST ALL DFENDANTS)**

190. The allegations in the preceding paragraphs are incorporated herein by reference as if set forth in full.

In doing the act alleged in this complaint, Defendants, LAW OFFICE OF PETER M. LIVELY,  STEVEN A. SCHUMAN, an Officer of the Court,  LEE T. DICKER, and Officer of the Court, LEORNARD, DICKER & SCHREIBER LLP, a law firm or law Corporation, KIMBERLY BARBOUR aka Kimberly Martin-Bragg, and their agents, and representatives acted with oppression, fraud, and malice as such, Plaintiff is entitled to punitive damages to make an example of and to punish these Defendants in addition to actional damages.

**DEMAND FOR JURY TRIAL**

Plaintiff Demand for Jury Trial

**DEMAND FOR DISCOVERY**

Plaintiff Demand for Discovery

**WHEREFORE, PREMISES CONSIDERED**, Mr. Moore further prays the Court:

(i)     To vacate the judgment purportedly discharging the $3.15 Million under 11 U.S.C. 523(a)(6);
(ii)    For compensatory Damages against Defendants and each of them,
(iii)   For punitive Damages against Defendants and each of them;
(iv)    Loss of income
(v)     For interest at the rate of 10% per annum
(vi)    For Reasonable Attorney's fees; and
(vii)   For such other and further relief, the Court deem, just and proper

Dated: March 28th, 2022

Ivan Rene Moore,
Plaintiff/Judgment Creditor

# EXHIBIT

# A

40

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

IVAN RENE MOORE,                                    ) Case No. BC 480013
                                                    )
                                                    )
            Plaintiff,                              )
                                                    )
                                                    ) Special Verdict-Conversion
v.                                                  )
                                                    )
                                                    )
KIMBERLY MARTIN-BRAGG,                              )
            Defendants                              )
_____)

# FILED

LOS ANGELES SUPERIOR COURT

JUL 2 9 2013

JOHN A. CLARKE, CLERK

_Jeff W. Lipp_ ✓

BY JEFF W. LIPP, DEPUTY

We answer the questions submitted to us as follows:

    1. Did IVAN RENE MOORE own/possess/have a right to possess any of the following items:

       (a) Clothing, shoes, kitchen equipment and other personal property?
12 Yes  0  No

       (b) Piano?
12 Yes  0  No

       (c) One or more of the following: 2 automobiles, 1 motorcycle, auto tools, auto parts?
12 Yes  0  No

       (d) Recording Console SSL K?
12 Yes  0  No

       (e) Music, Sound and Recording Equiptment?
12 Yes  0  No

       (f) Musical Instruments?
12 Yes  0  No

       (g) Business Property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions?
0  Yes  12 No

       (i) Masters?
12 Yes  0  No

    If your answer to any of the items in question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    2. Did KIMBERLY MARTIN-BRAGG intentionally and substantially interfere with any of IVAN RENE MOORE's property by [[taking possession of/preventing IVAN RENE MOORE from having access to, or destroying, or refusing to return] any of items to chich you checked "yes" in question 1 after IVAN RENE MOORE demanded its return]?

    12 Yes  0  No



If your answer to question 2 is yes, then answer question 3. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    3. Did IVAN RENE MOORE consent?

    _O_ Yes _12_ No

If your answer to question 3 is no, then answer question 4. If you answered yes, stop here, answer no further questions, and have the presiding juror sign and date this form.

    4. Was IVAN RENE MOORE harmed?

    _12_ Yes _O_ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    5. Was KIMBERLY MARTIN-BRAGG's conduct a substantial factor in causing IVAN RENE MOORE's harm?

    _12_ Yes _O_ No

If your answer to question 5 is yes, then answer question 6 and 7. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

    6. What are IVAN RENE MOORE's damages?



        a. For the fair market value of the property:

    $ 2.5 million
    ($2,500,000)
            $ 650,000

        b. For lost profits:

    TOTAL $ 3,150,000

    7. Do you recommend that the Court order KIMBERLY MARTIN-BRAGG to return any of the items checked yes in Question 1 to IVAN RENE MOORE instead of awarding some or all of the damages in 6a?

        _12_ Yes _O_ No

        8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned (enter the letter(s) or print the name of the item(s))?

Clothing, shoes, kitchen equipment, personal property, piano, SSLK consoles, music/sound/recording equipment, musical instruments, masters, '71 Camaro

        If your answer to question 7 is yes and the Court follows your personal document recommendation, then answer question 9. If your answer is no, stop here, answer no further question

and have the presiding juror sign and date this form.

        9. If the property listed in question 8 is returned to IVAN RENE MOORE, by what amount, if any, should the damages be reduced?   $ **2.5 million**

Signed: _____
                     Presiding Juror

Dated: **7/29/2013**

After all verdict forms have been signed, notify the court attendant that you are ready to present your verdict in the courtroom.

# EXHIBIT

# B

*90*

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES

IVAN RENE MOORE,                          ) Case No. BC 480013
                                          )
                                          )
         Plaintiff,                       )
                                          )
                                          ) Special Verdict-Trespass
v.                                        ) to Chattel
                                          )
                                          )
KIMBERLY MARTIN-BRAGG,                    )
         Defendants                       )
                                          )

# FILED
LOS ANGELES SUPERIOR COURT

JUL 2 9 2013

JOHN A. CLARKE, CLERK

*Jeff W. Lipp* ✓
BY JEFF W. LIPP, DEPUTY

We answer the questions submitted to us as follows:

1. Did IVAN RENE MOORE own/possess/have a right to possess any of the following items:

(a) Clothing, shoes, kitchen equipment and other personal property?
12 Yes  0 No

(b) Piano?
12 Yes  0 No

(c) One or more of the following: 2 automobiles, 1 motorcycle, auto tools, auto parts?
12 Yes  0 No

(d) Recording Console SSL K?
12 Yes  0 No

(e) Music, Sound and Recording Equiptment?
12 Yes  0 No

(f) Musical Instruments?
12 Yes  0 No

(g) Business Property, including computers, monitors, miscellaneous equipment, documents, furniture, tapes, televisions?
0 Yes 12 No

(i) Masters?
12 Yes 0 No

If your answer to any of the items in question 1 is yes, then answer question 2. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

2. Did KIMBERLY MARTIN-BRAGG intentionally interfere with IVAN RENE MOORE's use or possession of any of IVAN RENE MOORE's property or damage his property ?

12 Yes  0 No

If your answer to question 2 is yes, then answer question 3. If you answered no, stop here,

answer no further questions, and have the presiding juror sign and date this form.

3. Did IVAN RENE MOORE consent?

_**0**_ Yes _**12**_ No

If your answer to question 3 is no, then answer question 4. If you answered yes, stop here, answer no further questions, and have the presiding juror sign and date this form.

4. Was IVAN RENE MOORE harmed?

_**12**_ Yes _**0**_ No

If your answer to question 4 is yes, then answer question 5. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

5. Was KIMBERLY MARTIN-BRAGG's conduct a substantial factor in causing IVAN RENE MOORE's harm?

_**12**_ Yes _**0**_ No

If your answer to question 5 is yes, then answer question 6 and 7. If you answered no, stop here, answer no further questions, and have the presiding juror sign and date this form.

6. What are IVAN RENE MOORE's damages?
        a. For the fair market value of the property:

$ _**2.5 million**_
_**($2,500,000)**_

7. Do you recommend that the Court order KIMBERLY MARTIN-BRAGG to return any of the items checked yes in Question 1 to IVAN RENE MOORE instead of awarding some or all of the damages in 6a?

        _**12**_ Yes _**0**_ No

8. If your answer to question 7 is yes, which items do you recommend the Court order to be returned (enter the letter(s) or print the name of the item(s))?
_**Clothing, shoes, kitchen equipment, personal property, piano, SSLK console, music/sound/recording equipment, musical instruments, masters, '71 Camarro**_

_**legal documents**_

If your answer to question 7 is yes and the Court follows your recommendation, then answer question 9. If your answer is no, stop here, answer no further questions and have the presiding juror sign and date this form.

9. If the property listed in question 8 is returned to IVAN RENE MOORE, by what amount, if any, should the damages be reduced?        $ _**2.5 million**_

Signed: _____

Presiding Juror

Dated: 7/29/2013

    After all verdict forms have been signed, notify the court attendant that you are ready to present your verdict in the courtroom.

# EXHIBIT

# C



FILED & ENTERED

JUN 04 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY evangeli  DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| In re: Kimberly Martin-Bragg, Debtor. | Case No.: 2:14-bk-15698-ER<br>Chapter: 11<br><br>**ORDER DISMISSING CASE PURSUANT TO ORDER TO SHOW CAUSE RE: CONVERSION OR DISMISSAL [D.E. 156] AND FOR REASONS SET FORTH ON THE RECORD**<br><br>**Advanced Hearing:**<br>Date: June 3, 2015<br>Time: 10:00 a.m.<br>Courtroom: 1568 |
|---|---|

On March 25, 2014, Kimberly Martin-Bragg ("Debtor") filed a voluntary individual petition under Chapter 11. On May 19, 2015, the Court issued an Order to Show Cause re: Conversion or Dismissal ("OSC") and set a hearing for June 17, 2015. D.E. 156. On May 19, 2015, the Debtor independently filed and set a hearing on the *Debtor's Notice of Motion and Motion for Order Extending Deadline to File Plan and Disclosure Statement [Second Request]* ("Motion") on June 3, 2015. On June 2, 2015, the Court posted a tentative ruling, on the docket at entry 160 and incorporated herein by reference, stating its intention that if the issues raised were not adequately addressed, the Court would dismiss the case. On June 3, 2015, the Motion came on for hearing ("Hearing"). Appearances were as stated on the record.

At the Hearing, it became abundantly clear that the Debtor would not be able to satisfy the Court's concerns regarding the issues that it raised in the OSC under 11 U.S.C. § 1112(b) and that any further continuation of this case would be unnecessary and improper.  All essential parties were before the Court and had an opportunity to be heard.  Accordingly and consistently with the Court's stated intention in its tentative ruling, the Court *sua sponte* moved up the hearing on the OSC to be concurrent with the hearing on the Motion.

The Court is sympathetic to the challenges of the Debtor in state court.  However, it is not this Court's province, as a Federal Bankruptcy Court, to usurp the role of the state court.  The state court has separate duties.  This Court's obligation, under Title 11, Chapter 11, is to, among other things, permit debtors to timely and reasonably reorganize their debts.  Reorganization is not happening here.  Although this case has been pending for over a year, the Debtor has evidenced no effort or present capability to proceed toward confirmation.

The Court's conclusion is unaffected by the Debtor's argument, made on the record that, if given a brief 30-day extension, she could propose a plan and disclosure statement without resolving disputed ownership of certain properties and without resolving other state court matters.  If this was the Debtor's intention, she should have *and could have* proposed such a plan and disclosure statement long ago.

Accordingly, there is no need for further briefing and the record of this case has clearly shown that dismissal is proper at this time.

Based on the foregoing and, for the reasons stated on the record, the Court finds that "cause" exists pursuant to 11 U.S.C. § 1112(b) such that the court shall dismiss this case.  11 U.S.C. § 1112(b)(4)(A) (Providing that "cause" includes a "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation"); 11 U.S.C. § 1112(b)(4)(E) (Explaining that "cause" includes a debtor's "failure to comply with an order of the court"); 11 U.S.C. § 1112(b)(4)(J) (Stating that "cause" also includes a debtor's "failure to file a disclosure statement, or to file or confirm a plan, within the time fixed by this title or by order of the court").

//

In light of the numerous, violated, express bases of 11 U.S.C. § 1112(b), and based on the entire history of this case, as set forth in the OSC, and for the reasons set forth on the record at the Hearing, including considerations of the best interests of creditors, IT IS HEREBY ORDERED that:

1. The case is dismissed, the automatic stay is vacated and all pending motions and adversary proceedings are moot and dismissed;
2. All currently scheduled hearings are VACATED; and
3. The Debtors is hereby directed to pay any and all outstanding quarterly fees owed to the Office of the United States Trustee in the current amount of $650.00.

IT IS SO ORDERED.

### ###

Date: June 4, 2015

Ernest M. Robles
United States Bankruptcy Judge

# EXHIBIT

# **D**

Fill in this information to identify your case:

Debtor 1    Kimberly                                    Barbour
            First Name          Middle Name             Last Name

Debtor 2
(Spouse, if filing)  First Name    Middle Name          Last Name

United States Bankruptcy Court for the:    Central District of California

Case number    2:16-bk-22878-BR
               (If known)

☐ Check if this is an amended filing

## Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:    Summarize Your Assets

|  | | Your assets<br>Value of what you own |
|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B) | |
| | 1a. Copy line 55, Total real estate, from *Schedule A/B* | $ 1,985,000.00 |
| | 1b. Copy line 62, Total personal property, from *Schedule A/B* | $ 2,959,916.76 |
| | 1c. Copy line 63, Total of all property on *Schedule A/B* | $ 4,944,916.76 |

### Part 2:    Summarize Your Liabilities

|  | | Your liabilities<br>Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| | 2a. Copy the total you listed in Column A, *Amount of claim*, at the bottom of the last page of Part 1 of *Schedule D* | $ 12,877,536.42 |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| | 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F* | $ 0.00 |
| | 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F* | + $ 5,176,226.28 |
| | **Your total liabilities** | $ 18,053,762.70 |

### Part 3:    Summarize Your Income and Expenses

|  | | |
|---|---|---|
| 4. | *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I* | $ 11,151.93 |
| 5. | *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22, Column A, of *Schedule J* | $ 10,898.42 |

Debtor 1   Kimberly _____   Barbour _____   Case number (if known) 2:16-bk-22878-BR
First Name   Middle Name   Last Name

**Part 4:**   **Answer These Questions for Administrative and Statistical Records**

6.   **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

☒ Yes

7.   **What kind of debt do you have?**

☐ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-10 for statistical purposes. 28 U.S.C. § 159.

☒ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

8.   **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR,** Form 122B Line 11; **OR,** Form 122C-1 Line 14.

$ _____

9.   **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| | Total claim |
|---|---|
| From Part 4 on *Schedule E/F*, copy the following: | |
| 9a. Domestic support obligations (Copy line 6a.) | $ _____ |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ _____ |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ _____ |
| 9d. Student loans. (Copy line 6f.) | $ _____ |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ _____ |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | + $ _____ |
| 9g. **Total.** Add lines 9a through 9f. | $ _____ |

**Fill in this information to identify your case and this filing:**

| | | | | |
|---|---|---|---|---|
| Debtor 1 | Kimberly | | Barbour | |
| | First Name | Middle Name | Last Name | |
| Debtor 2 | | | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name | |

United States Bankruptcy Court for the: Central District of California

Case number  2:16-bk-22878-BR

❑ Check if this is an amended filing

## Official Form 106A/B

# Schedule A/B: Property                                            12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. Do you own or have any legal or equitable interest in any residence, building, land, or similar property?

   ❑ No. Go to Part 2.
   ☑ Yes. Where is the property?

| | | |
|---|---|---|
| **1.1** | 6150 Shenandoah Avenue | **What is the property?** Check all that apply. |
| | Street address, if available, or other description | ☑ Single-family home |
| | | ❑ Duplex or multi-unit building |
| | | ❑ Condominium or cooperative |
| | | ❑ Manufactured or mobile home |
| | | ❑ Land |
| | | ❑ Investment property |
| | Los Angeles     CA          90056 | ❑ Timeshare |
| | City          State     ZIP Code | ❑ Other _____ |

**What is the property?** Check all that apply.
- ☑ Single-family home
- ❑ Duplex or multi-unit building
- ❑ Condominium or cooperative
- ❑ Manufactured or mobile home
- ❑ Land
- ❑ Investment property
- ❑ Timeshare
- ❑ Other _____

Los Angeles
County

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*

**Current value of the entire property?**  $975,000.00

**Current value of the portion you own?**  $975,000.00

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

Fee Simple Ownership

**Who has an interest in the property?** Check one
- ☑ Debtor 1 only
- ❑ Debtor 2 only
- ❑ Debtor 1 and Debtor 2 only
- ❑ At least one of the debtors and another

❑ Check if this is community property (see instructions)

**Other information you wish to add about this item, such as local property identification number:** _____

If you own or have more than one, list here:

| | | |
|---|---|---|
| **1.2** | 6160 Shenandoah Avenue | |
| | Street address, if available, or other description | |
| | Los Angeles     CA          90056 | |
| | City          State     ZIP Code | |

**What is the property?** Check all that apply.
- ❑ Single-family home
- ❑ Duplex or multi-unit building
- ❑ Condominium or cooperative
- ❑ Manufactured or mobile home
- ❑ Land
- ❑ Investment property
- ❑ Timeshare
- ❑ Other _____

Los Angeles
County

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*

**Current value of the entire property?**  $1,010,000.00

**Current value of the portion you own?**  $1,010,000.00

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

Fee Simple Ownership

**Who has an interest in the property?** Check one
- ☑ Debtor 1 only
- ❑ Debtor 2 only
- ❑ Debtor 1 and Debtor 2 only
- ❑ At least one of the debtors and another

❑ Check if this is community property (see instructions)

**Other information you wish to add about this item, such as local property identification number:** _____

Debtor 1  **Kimberly**        **Barbour**                         Case number (if known) **2:16-bk-22878-BR**
First Name  Middle Name  Last Name

1.3. _____
Street address, if available, or other description

_____

_____

City        State    ZIP Code

_____
County

**What is the property?** *Check all that apply*

☐ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other _____

**Who has an interest in the property?** *Check one*

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**   **Current value of the portion you own?**

$_____   $_____

**Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.**

_____

☐ **Check if this is community property** (see instructions)

**Other information you wish to add about this item, such as local property identification number:** _____

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here. ...........................................................  →  | $1,985,000.00 |

---

**Part 2:    Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
☒ Yes

3.1.  Make:    **Lexus**
      Model:   **RX330**
      Year:    **2005**
      Approximate mileage: **145000**
      Other information:

      2005 Lexus RX330 (Paid)

**Who has an interest in the property?** *Check one*

☒ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**   **Current value of the portion you own?**

$5,000.00   $5,000.00

If you own or have more than one, describe here:

3.2.  Make:    _____
      Model:   _____
      Year:    _____
      Approximate mileage: _____
      Other information:

**Who has an interest in the property?** *Check one.*

☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?**   **Current value of the portion you own?**

$_____   $_____

Debtor 1    **Kimberly**            **Barbour**
First Name    Middle Name    Last Name                    Case number *(if known)* 2:16-bk-22878-BR

---

3.3    Make: _____
Model: _____
Year: _____
Approximate mileage: _____
Other information:

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?** | **Current value of the portion you own?**

$_____    $_____

---

3.4.    Make: _____
Model: _____
Year: _____
Approximate mileage: _____
Other information:

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?** | **Current value of the portion you own?**

$_____    $_____

---

4.    **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**

*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☒ No
☐ Yes

4.1.    Make: _____
Model: _____
Year: _____
Other information:

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?** | **Current value of the portion you own?**

$_____    $_____

---

If you own or have more than one, list here:

4.2.    Make: _____
Model: _____
Year: _____
Other information:

**Who has an interest in the property?** Check one.
☐ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

☐ **Check if this is community property** (see instructions)

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.*

**Current value of the entire property?** | **Current value of the portion you own?**

$_____    $_____

---

5    **Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here** ........................................➔    $ 5,000.00

---

| Debtor 1 | Kimberly | Barbour | Case number (if known) 2:16-bk-22878-BR |
|---|---|---|---|
| | First Name    Middle Name | Last Name | |

**Part 3:** **Describe Your Personal and Household Items**

Do you own or have any legal or equitable interest in any of the following items?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ☒ Yes. Describe......... Household Goods
   $5,000.00

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ☒ No
   ☐ Yes. Describe..........
   $

8. **Collectibles of value**
   *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
   ☐ No
   ☒ Yes. Describe......... Various Art
   $1,000.00

9. **Equipment for sports and hobbies**
   *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
   ☒ No
   ☐ Yes. Describe..........
   $

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ☐ No
    ☒ Yes. Describe......... Smith and Western 38 Caliber Handgun
    $250.00

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ☒ Yes. Describe......... Wearing Apparel
    $3,000.00

12. **Jewelry**
    Examples: Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ☐ No
    ☒ Yes. Describe......... Misc. Jewelry
    $5,000.00

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    ☒ No
    ☐ Yes. Describe..........
    $

14. **Any other personal and household items you did not already list, including any health aids you did not list**
    ☒ No
    ☐ Yes. Give specific information...............
    $

15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here ➔
    $14,250.00

| Debtor 1 | Kimberly | | Barbour | Case number *(if known)* 2:16-bk-22878-BR |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

---

**Part 4:    Describe Your Financial Assets**

Do you own or have any legal or equitable interest in any of the following?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

16. **Cash**

*Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition

☐ No
☒ Yes .................................................................................................. Cash ................. $ 70.00

17. **Deposits of money**

*Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.

☐ No
☒ Yes ....................

Institution name:

| | | |
|---|---|---|
| 17.1. Checking account: | Bank of the West Checking (Acc. 4334) | $ 45.39 |
| 17.2. Checking account: | Bank of the West Checking (Acc. 4336) | $ 93.72 |
| 17.3. Savings account: | US Bank Savings (Acc. 7551) | $ 0.00 |
| 17.4. Savings account: | | $ |
| 17.5. Certificates of deposit: | | $ |
| 17.6. Other financial account: | | $ |
| 17.7. Other financial account: | | $ |
| 17.8. Other financial account: | | $ |
| 17.9. Other financial account: | | $ |

See Attachment 1: Additional Deposits of Money

18. **Bonds, mutual funds, or publicly traded stocks**

*Examples:* Bond funds, investment accounts with brokerage firms, money market accounts

☒ No
☐ Yes ...............

Institution or issuer name:

| | |
|---|---|
| | $ |
| | $ |
| | $ |

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**

☐ No
☒ Yes. Give specific information about them ...........

| Name of entity: | % of ownership: | |
|---|---|---|
| Rene Moore Music, Inc. (FTB Forfeited) | 100 % | $ 0.00 |
| Rufftown Entertainment Group, Inc. (FTB Forfeited) | 100 % | $ 0.00 |
| Radio Multi-Media, Inc. (Delaware Corporation) | 100 % | $ 0.00 |

---

| Debtor 1 | Kimberly | Barbour | Case number *(if known)* 2:16-bk-22878-BR |
|---|---|---|---|
| | First Name  Middle Name | Last Name | |

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**

*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.

☒ No
☐ Yes. Give specific   Issuer name:
information about
them..................

| | $_____ |
|---|---|
| | $_____ |
| | $_____ |

21. **Retirement or pension accounts**

*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans

☐ No
☒ Yes. List each
account separately.

| Type of account: | Institution name: | |
|---|---|---|
| 401(k) or similar plan: | | $_____ |
| Pension plan: | City of Los Angeles | $508,500.71 |
| IRA: | | $_____ |
| Retirement account: | | $_____ |
| Keogh: | | $_____ |
| Additional account: | | $_____ |
| Additional account: | | $_____ |

22. **Security deposits and prepayments**

Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications
companies, or others

☒ No
☐ Yes......................

| | Institution name or individual: | |
|---|---|---|
| Electric: | | $_____ |
| Gas: | | $_____ |
| Heating oil: | | $_____ |
| Security deposit on rental unit: | | $_____ |
| Prepaid rent: | | $_____ |
| Telephone: | | $_____ |
| Water: | | $_____ |
| Rented furniture: | | $_____ |
| Other: | | $_____ |

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)

☒ No
☐ Yes......................

| | Issuer name and description: | |
|---|---|---|
| | | $_____ |
| | | $_____ |
| | | $_____ |

| Debtor 1 | Kimberly | Barbour | | Case number (if known) | 2:16-bk-22878-BR |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

**24.** **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

☒ No

☐ Yes ............................. Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

$_____

$_____

$_____

**25.** **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**

☒ No

☐ Yes. Give specific
information about them.

$_____

**26.** **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
*Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements

☐ No

☒ Yes. Give specific
information about them. ...   Various Master Recordings Secured via Wells Fargo UCC-1 related to Wells
Fargo Loan to Ivan Rene Moore     $0.00

**27.** **Licenses, franchises, and other general intangibles**
*Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses

☐ No

☒ Yes. Give specific
information about them. ...   Real Estate License     $0.00

**Money or property owed to you?**

**Current value of the portion you own?**
Do not deduct secured
claims or exemptions

**28.** **Tax refunds owed to you**

☒ No

☐ Yes. Give specific information
about them, including whether
you already filed the returns
and the tax years. .....................

| | | |
|---|---|---|
| Federal: | $_____ | |
| State: | $_____ | |
| Local: | $_____ | |

**29.** **Family support**
*Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement

☒ No

☐ Yes. Give specific information. ...........

| | |
|---|---|
| Alimony: | $_____ |
| Maintenance: | $_____ |
| Support: | $_____ |
| Divorce settlement: | $_____ |
| Property settlement: | $_____ |

**30.** **Other amounts someone owes you**
*Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation,
Social Security benefits; unpaid loans you made to someone else

☐ No

☒ Yes. Give specific information. ..............   Loans and Advances Made to Ivan Rene Moore, Rene-More Music
Inc., Rufftown Entertainment Group, Inc., and G&S Electronics     $2,420,000.00

| Debtor 1 | Kimberly | | Barbour | Case number *(if known)* 2:16-bk-22878-BR |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

**31. Interests in insurance policies**

*Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance

☐ No

☑ Yes. Name the insurance company of each policy and list its value. ...

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| Los Angeles Police Department | Various | $0.00 |
| LAPRA Insurance Policy (Acct 1091) | Various | $1,500.00 |
| LAPRA Insurance Policy (Acct 4165) | George Barbour | $4,000.00 |

**32. Any interest in property that is due you from someone who has died**

If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.

☑ No

☐ Yes. Give specific information ............................................. $_____

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**

*Examples:* Accidents, employment disputes, insurance claims, or rights to sue

☐ No

☑ Yes. Describe each claim. ................ Non-Debtor Spouse's Workman's Compensation Claim. Injury occured in 2002.   $0.00

**34. Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**

☐ No

☑ Yes. Describe each claim. ................ Cross Complaint Against Ivan Moore (Dismissed without Prejudice. Uncertain See Attachment 2   $0.00

**35. Any financial assets you did not already list**

☑ No

☐ Yes. Give specific information. ........................... $_____

**36.** Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here ➔ | $2,935,671.36 |

**Part 5:    Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.**

**37. Do you own or have any legal or equitable interest in any business-related property?**

☐ No. Go to Part 6.

☑ Yes. Go to line 38.

Current value of the portion you own?

Do not deduct secured claims or exemptions.

**38. Accounts receivable or commissions you already earned**

☐ No

☑ Yes. Describe ......... $995.40 Levied by Ivan Rene Moore between March 5, 2014 and March 10, 2014 and currently held by Clerk of Court   $995.40

**39. Office equipment, furnishings, and supplies**

*Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices

☐ No

☑ Yes. Describe ......... 1 Office Desk, 2 Printers/Fax and 2 Desktop Computer   $1,000.00

# EXHIBIT

# E

**CD-130**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | *FOR COURT USE ONLY* |
|---|---|

Ivan Rene Moore
1236 Redondo Blvd
Los Angeles Calfiornia 90019

TELEPHONE NO.: 323 932 9439          FAX NO. *(Optional):*
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Pro Per

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 Horth Hill Street
CITY AND ZIP CODE: Los Angeles California 90012
BRANCH NAME: Central Branch

PLAINTIFF: Ivan Rene Moore

DEFENDANT: Kimberely Martin Bragg (aka) Kimberly Barbour

| **WRIT OF POSSESSION**  ☑ **AFTER HEARING**  ☐ **EX PARTE** | CASE NUMBER: BC 480 013 |
|---|---|

TO THE SHERIFF OR ANY MARSHAL OF THE COUNTY OF  Los Angeles

YOU ARE DIRECTED:



1. To levy upon and retain in your custody, until released or sold (Code Civ. Proc., § 514.030), the following property or any part of it *(specify):*

   (See attachment 25 E) Per Court order Judge Rosenblatt Nov 8th 2013 turn property over to plaintiff Ivan Rene Moore. The Sheriff or Marshall of the County of Los Angeles shall use resonable forcible entry to enter into the private place listed below for the purpose of levying on the personal property subject to this Writ of Possession.

2. To enter the following private place or places to take possession of the above-described property or some part of it *(specify exact locations):*

   6150 Shenandoah Ave, Los Angeles Calif  90056
   6160 Shenandoah Ave, Los Angeles Calif  90056

3. To return this writ and the certificate of your proceedings within 30 days after levy and service, but in no event later than 60 days after issuance of this writ.

Dated: MAY 2 0 2021          SHERRI R. CARTER Clerk, by  T. HEATH , Deputy


(SEAL)

**NOTICE TO DEFENDANT:** The plaintiff has filed with the court a written undertaking, a copy of which is attached. You have the right to object to the plaintiff's undertaking on a ground specified in Code of Civil Procedure section 995.920 and in the manner provided in Code of Civil Procedure section 515.030 or to obtain redelivery of the property by filing a written undertaking of your own, in an amount equal to the plaintiff's undertaking or as determined by the court under Code of Civil Procedure sections 515.010 and 515.020. You also have other rights under Code of Civil Procedure sections 512.020–512.120.

If your property has been taken under an ex parte writ of possession, you may apply under Code of Civil Procedure section 512.020(b) for an order that the writ be quashed, any property levied on be released, and for other relief as provided in that section, including an award of damages for any loss sustained by you as a proximate result of the levy.

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CD-130 (Rev. January 1, 2006) | **WRIT OF POSSESSION**<br>**(Claim and Delivery)** | Code Civ. Proc., §§ 512.020–512.120<br>*www.courtinfo.ca.gov* |
|---|---|---|

1

2

**Attachment 25 E**
Judgement Order

3   **The Court grants Plaintiff IVAN RENE MOORE's request for return of**

4   **property and orders KIMBERLY MARTIN-BRAGG to return to IVAN**

5   **RENE MOORE'S clothing, shoes, kitchen equipment, personal property,**

6   **piano, SSLK console, masters, 71 Camaro, and personal legal documents**

7   **consistent with the evidence presented at trial.**

8

9   **This order provides that IVAN RENE MOORE is entitled to the return**

10  **of all of said property in KIMBERLY MARTIN-BRAGG'S possession or**

11  **control including that which is in storage.   KIMBERLY MARTIN-**

12  **BRAGG, her agents, and anyone acting on her behalf are ordered not to**

13  **sell, give away, damage or keep from IVAN RENE MOORE any of the**

14  **property that is ordered to be returned.   Kimber Martin-Bragg is**

15  **ordered to have the property returned to IVAN RENE MOORE**

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT

# F



Debtor Bragg

# EXHIBIT

# G



# EXHIBIT

# H





# EXHIBIT

# J

**Friday, February 16, 2018**

# Opinion Report

## Beth Chrisman
## Certified Questioned Document Examiner
6320 Canoga Ave, 15th Floor
Woodland Hills, CA 91367
Phone: 310-910-3993
Fax: 310-861-1614
Beth@HandwritingExpertCalifornia.com

This report contains a statement of the request of the client, descriptions of the questioned and comparison documents, a synopsis of the examination conducted, and this document examiner's opinion.

## Request

I was asked to compare the known handwriting of Kimberly Martin-Bragg to the questioned date on the questioned document to determine if the Kimberly Martin-Bragg of the known documents wrote the date in question.

## Description of the Questioned Document

I examined the following questioned document:

**Q1**    Page 2 of 2 titled 'Order' from a Clerk's Application To Vacate and Order regarding Bragg vs Moore allegedly dated '3-5-15' and signed by a Judicial Officer.

## Description of the Known/Comparison Documents

I examined the following known/comparison documents:

**K1**    Check number 16 dated January 31, 2005, handwritten and signed by Kimberly Martin-Bragg.

**K2**    Check number 28 dated June 15, 2005 and check number 29 dated July 26, 2005, both handwritten and signed by Kimberly Martin-Bragg.

**K3**    Check number 20 dated April 25, 2005 and check number 25 dated May 23, 2005, both handwritten and signed by Kimberly Martin-Bragg.

**Friday, February 16, 2018**

## Examinations & Observations

As a result of the examination and analysis, my observations are as follows:

1. Known specimen samples of Kimberly Martin-Bragg were presented for examination. The known handwriting was intercompared and it was determined the handwriting is are internally consistent and indeed written by one writer.

2. The questioned handwritten date was compared to the known specimen samples. On the basis of my examination there are similarities observed in number formations that are distinctly similar.

3. As I was completing my examination regarding the date I noticed that the signature of Kimberly Martin-Bragg was similar in stroke formation to the signature of the Judicial Officer next to the date in question. I  then completed a comparison and evaluation of the 'Judicial Officer' signature and the signatures of Kimberly Martin-Bragg.

4. The questioned numerals in the date of '3-5-15' fall within the normal range of variation exhibited in the genuine handwriting of Kimberly Martin-Bragg.

5. Some of the stroke formations in the signature of the 'Judicial Officer' fall within the normal range of variation exhibited in the signatures of Kimberly Martin-Bragg.

   Disguised writing is pure invention designed to change the appearance of one's natural writing style so as to deceive the recipient and conceal the identity. In almost every instance, the disguise is superficial because only the slant and a few obvious forms are changed. During the course of movement, inconspicuous habits will assert themselves unconsciously to announce the identity of the writer. Because the writer is not consciously aware of his or her any habits and cannot remember at once all the innate features, control cannot be exerted to eliminate them. Edna Robertson, Fundamentals of Document Examination

   See Appendix B for a comparison of the dates and signatures

## Basis of Opinion

The basis for handwriting identification is that writing habits are not instinctive or hereditary but are complex processes that are developed gradually through habit and that handwriting is unique to each individual.  Further, the basic axiom is that no one person writes exactly the same way twice and no two people write exactly the same. Thus, writing habits or individual characteristics distinguish one person's handwriting from another.

A process of analysis, comparison and evaluation is conducted.

Based on the conclusions of the expert, an opinion will be expressed.  See opinion levels for expressing conclusions in Appendix C.

## Opinion

Based on a thorough analysis of the documents submitted to me, my professional expert opinion is there is a strong probability that the Kimberly Martin-Bragg of the known writing wrote the date in question and signed as the 'Judicial Officer' on the questioned document.

**Friday, February 16, 2018**

## Declarations and Signature

Attached as Appendix A is a current copy of my CV as evidence of my special knowledge, skill, experience, training and education.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at Woodland Hills, California this 16th day of February 2018.

Beth Chrisman

**Friday, February 16, 2018**

## *CURRICULUM VITAE*

**Beth Chrisman**
**Certified Questioned Document Examiner**
6320 Canoga Ave, 15th Floor
Woodland Hills, CA 91367
Phone: 310-910-3993
Fax: 310-861-1614
Beth@HandwritingExpertCalifornia.com

I am, Beth Chrisman, a certified and court qualified Questioned Document Examiner.  Beginning my career in 2006, I have examined over 1200 document examination cases involving over 22,000 documents.  I trained with the International School of Forensic Document Examination and apprenticed under a court-qualified Forensic Document Expert.

***Opinions Rendered in Various Types of Questioned Examination Cases Include:***

Disputed documents or signatures including: wills, checks, contracts, deeds, account ledgers, medical records, and autograph authentication.  Investigation and analysis including: questioned signatures, suspect documents, forgeries, identity theft, anonymous letters, alterations, obliterations, erasures, typewritten documents, altered medical records, graffiti, handwritten numbers, and computerized and handwritten documents.

*Education*

- Bachelor of Science in Prosthetics and Orthotics from the University of Texas Southwestern Medical Center at Dallas. Graduation Date May 2005

- International School of Forensic Document Examination:  Certified Forensic Document Examination, Graduation Date July 2008
  *Specific Areas of Training:*

    Handwriting Identification, Signature Comparison, Techniques for Distinguishing Forged Signatures, Disguised Handwriting, Altered Numbers, Anonymous Writing, Laboratory Procedures, Forensic Microscopy and Forensic Photography, Identifying Printing Methods, Papers and Watermarks, Factors that Affect Writing, Demonstrative Evidence, Forgery Detection Techniques, Detection of Forged Checks, Document Image Enhancement, Ethics in Business and the Legal System, Participation in Mock Courtroom Trails.

- American Institute of Applied Science; 101Q Questioned Documents course completed

- 3-year on-the-job apprenticeship with Bart Baggett, a court qualified document examiner from October 2006 through October 2009. My apprenticeship include all aspects of running the office, examining cases, writing reports and declarations, on-site examinations, taking exemplars, deposition and trial testimony. I managed 204 cases consisting of 2157 documents during this time.

    In addition, I began taking individual cases that were mentored and/or peer reviewed by Bart Baggett.

**Friday, February 16, 2018**

- ACFEI Conference October 2009, Las Vegas, NV. (American College of Forensic Examiners International) Attended specific lectures on ink and paper counterfeiting by FBI personnel.

- CTS (Collaborative Testing Services) Participated in the Handwriting Examination proficiency test in 2012; correctly identifying who wrote the questioned documents.

- SAFE Annual Conference August 14– 16, 2014, Boca Raton, FL. (Scientific Association of Forensic Examiners) Earning 19 hours of training.

- SAFE Annual Conference July 31, 2015 and August 28, 2015. (Scientific Association of Forensic Examiners) Earning 6.5 hours of continuing education training.

- IADE Annual Conference September 11, 12, and 13, 2015, Jamaica. (International Association of Document Examiners) Earning 24 hours of continuing education training.

- SAFE Annual Conference July 29, 2016 and August 26, 2016. (Scientific Association of Forensic Examiners) Earning 12 hours of continuing education training.

- SAFE Annual Conference August 4, 2017 and August 25, 2017. (Scientific Association of Forensic Examiners) Earning 9.25 hours of continuing education training.

- IADE Annual Conference September 7, 8, and 9, 2017, Denver, CO. (International Association of Document Examiners) Earning 19.5 hours of continuing education training.

*Further Qualifications:*

Member of SAFE since August 2014.
Member of IADE since January 2015.
Certification by IADE September 2015

From May 2010 through May 2014 I was the Director of the International School of Forensic Document Examination; creating curriculum, choosing textbooks, creating schedules and overseeing student apprentice qualifications for students worldwide. I taught and mentored students worldwide, including students in the United States, New Zealand, Australia, India and Slovakia.

*Laboratory Equipment:*

Numerous magnifying devices including 30x, 20x and 10x loupes, light box, protractor, calipers, metric measuring devices, slope protractor and letter frequency plate, handwriting letter slant and comparison plate, typewriter measurement plate, type angle plate, digital photography equipment, Celestron digital hand-held microscope, zOrb 35x digital microscope, an illuminated stereo microscope, HP PC, high resolution printers, scanners, a high-resolution facsimile machine, and a copy machine.

*Library*

Numerous forensic document examination titles and other handwriting reference materials.

**Friday, February 16, 2018**

# QUESTIONED         KNOWN

Q1 

K1 - #16 

K2 - #28 

K2 - #29 

K3- #20 

K3 - #25

**Friday, February 16, 2018**

# QUESTIONED          KNOWN

Q1

_Judicial Officer_

K1 - #16 

K2 - #28

K2 - #29 

K3- #20 

K3 - #25 

### OPINION LEVELS FOR EXPRESSING CONCLUSIONS

Since the observations made by the examiner relate to the product of the human behavior there are a large number of variables that could contribute to limiting the examiner's ability to express an opinion confidently. These factors include the amount, degree of variability, complexity and contemporaneity of the questioned and/or specimen writings. To allow for these limitations a scale is used which has four levels on either side of an inconclusive result. These levels are:

- **Identification / Elimination**

May be expressed as 'The writer of the known documents wrote / did not write the questioned writing.' This opinion is used when the examiner denotes no doubt in their opinion; this is the highest degree of confidence expressed by a document examiner.

- **Strong Probability**

May be expressed as 'There is a strong probability the writer of the known documents wrote / did not write the questioned writing.' This opinion is used when the evidence is very persuasive, yet some critical feature or quality is missing; however, the examiner is virtually certain in their opinion.

- **Probable**

May be expressed as 'It is probable the writer of the known documents wrote / did not write the questioned writing.' This opinion is used when the evidence points strongly toward / against the known writer; however, the evidence falls short of the virtually certain degree of confidence.

- **Evidence to Suggest**

May be expressed as 'there is evidence to suggest the writer of the known documents wrote / did not write the questioned writing.' This opinion is used when there is an identifiable limitation on the comparison process. The evidence may have few features which are of significance for handwriting comparisons purposes, but those features are in agreement with another body of writing.

- **Inconclusive**

May be expressed as 'no conclusion could be reached as to whether the writer of the known documents wrote / did not write the questioned writing.' This is the zero point of the confidence scale. It is used when there are significantly limiting factors, such as disguise in the questioned and/or known writing or a lack of comparable writing and the examiner does not have even a leaning one way or another.

| Short Title | Case Number |
|---|---|
| Bragg vs Moore | BC459449 |

# ORDER

Upon consideration of the Clerk's Application and review of the Court file, it is ordered that:

☐ The default(s) of the defendant(s) named in the application is/are vacated.

☐ The dismissal entered on _____ is vacated.

☐ The judgment entered on _____ is vacated.

☐ The trial/hearing date of _____ is vacated.

☐ The stay of execution is lifted. ☐ Writ ☐ Abstract is to issue forthwith.

☑ The execution and levy is quashed. ☑ Writ ☐ Abstract is recalled. Clerk is to deliver a certified copy of this order to the levying officer forthwith.

☐ Other: _____

Dated: ____3 - 5 -15____                    _____ Judicial Officer

## CLERK'S CERTIFICATION

I certify that the foregoing is a true and correct copy of the original on file in the Clerk's Office.

SHERRI R. CARTER, Executive Officer/Clerk

Dated: 03/05/15          By: ____C. JASPER____ Deputy Clerk

Certified copy of this order forwarded to the levying officer by:

☑ Personally delivering a copy on 03/05/15          to Deputy Rm ____, Badge # ____

☐ Mailing a copy via the U.S. Mail on _____ at _____ to the following address: _____

Dated: 03/05/15          ____C. JASPER____ Deputy Clerk

## CERTIFICATE OF MAILING

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Clerk's Application to Vacate and Order upon each party or counsel named below by depositing in the United States mail at the courthouse located in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

Ivan Rene Moore
1236 Redondo Blvd.
Los Angeles, California 90019

Kimberly Martin Bragg
6150 Shenandoah Avenue
Los Angeles, California 90056

Dated: 03/05/15          SHERRI R. CARTER, Executive Officer/Clerk
By: ____C. JASPER____ Deputy Clerk

LACIV 007 (Rev. 07/13)          **CLERK'S APPLICATION TO VACATE AND ORDER**          Page 2 of 2
LASC Approvd 06-04
For Optional Use

QUESTIONED DOCUMENT                                                  Q1

# 2



| Account | 0000000083617076 | Routing | 226070555 |
|---------|------------------|---------|-----------|
| Amount | 5000.00 | OF6 | 4 |
| Post Date | 20050201 | Check | 0000001659 |
| Sequence | 441780418 | Tran | 000000 |



KNOWN DOCUMENT - Kimberly Martin-Bragg                        K1

# 3



Branch    Serial 0    TR 221472776    Account 83617076    TranCode 2859    Amount 3000.00    Sequence 39423805    DbCr d    InstID 3
Date 06-17-2005



Branch    Serial 0    TR 221472776    Account 83617076    TranCode 2959    Amount 3000.00    Sequence 23076810    DbCr d    InstID 3
Date 08-02-2005



UNKNOWN DOCUMENT - Kimberly Martin-Bragg

K2



Branch   Serial 0   TR 221472776   Account 83617076   TranCode 2059   Amount 10000.00   Sequence 29636510   DbCrd   InstID 3
Date 04-27-2005

Branch   Serial 0   TR 221472776   Account 83617076   TranCode 2559   Amount 10000.00   Sequence 23875575   DbCrd   InstID 3
Date 05-25-2005

KNOWN DOCUMENT - Kimberly Martin-Bragg                                                    K3

# EXHIBIT

# K

RECORDING REQUESTED BY

Order No. _____ Escrow No. _____

AND WHEN RECORDED MAIL TO

Name  Inovest Pointe
Street  6160 Shenandoah Ave
Address
City &  Los Angeles, CA 90056
State  Attention :

**COPY** of Document Recorded

Has not been compared
Original will be returned
processing has been
LOS ANGELES COUNTY REGISTRAR

2009 1103763

——————— SPACE ABOVE THIS LINE FOR RECORDER'S USE ———————

## SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS
### (INDIVIDUAL)
### (DUE ON SALE CLAUSE)                A.P.N.  5084-030-027

This Deed of Trust, made this        17th  day of     January, 2009                            , between

                                      Keith A. Rouster                      , herein called Trustor,
whose address is  1236-1238 S. Redondo Blvd., Los Angeles, CA 90019
                                 (number and street)          (city)          (state)   (zip)
        North American Title Company, a California corporation, herein called Trustee, and  Excel Group, Nexus Point
Inovest Point, Exlon Enterprise, Brite Mind Services, Best CO Investments,
Ameriprise Service, Prime Ventures
                                                                    , herein called Beneficiary,
Witnesseth: That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE,
that property in  City of Los Angeles                  LOS ANGELES  County, California, described as:
LEGAL DESCRIPTION : Lot 372 of Tract No. 5069 in the City of Los Angeles, County
of Los Angeles, State of California, as per map Recorded in Book 56 Page(s)
82-85 of Maps in the Office of the County Recorder of said County.

Commonly Known As 1236-1238 S. Redondo Boulevard, Los Angeles, CA 90019

If the trustor shall sell, convey or alienate said property, or any part thereof, or any interest therein, or shall be divested
of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent
of the beneficiary being first had and obtained, beneficiary, shall have the right, at its option, except as prohibited by
law, to declare an indebtedness or obligations secured hereby, irrespective of the maturity date specified in any note evidenc-
ing the same, immediately due and payable. Consent to one such transaction shall not be deemed to be a waiver of the
right to require such consent to future successive transactions.
TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to
and conferred upon Beneficiary by paragraph (10) of the provisions incorporated herein by reference to collect and apply such
rents, issues and profits.
For the Purpose of Securing: 1. Performance of each agreement of Trustor incorporated by reference or contained herein.
2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof,
in the principal sum of $ 30,950--- _____ executed by Trustor in favor of Beneficiary or order. 3. Payment of such
further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another
note (or notes) reciting it is so secured.

Exhibit 5

STATE OF CALIFORNIA
DEPARTMENT OF CALIFORNIA HIGHWAY PATROL

**VEHICLE REPORT**
CHP 180 (Rev. 4-16) OPI 061

NOTE: CHP 180 IS FURNISHED TO ALL PEACE
OFFICERS BY THE CALIFORNIA HIGHWAY PATROL

\* RECOVERED \*

| REPORTING DEPARTMENT | LOCATION CODE | DATE / TIME OF REPORT | NOTICE OF STORED VEHICLE DELIVERED PERSONALLY | FILE NO. |
|---|---|---|---|---|
| 7SD/CPD/MDR | 1900-65 | 7-9-21 /1122 | | 92-01705 2766-732 |

| LOCATION TOWED / STOLEN FROM | ODOMETER READING | VIN CLEAR IN SVS? ☐ YES ☒ NO | DATE / TIME DISPATCH NOTIFIED | LOG NO. |
|---|---|---|---|---|
| 6150 SHENANDOAH AVE, LAD | | LIC. CLEAR IN SVS? ☐ YES ☒ NO | 7-9-21 / 22 | 39 |

| YEAR | MAKE | MODEL | BODY TYPE | COLOR | LICENSE NO. | | ☐ ONE ☒ TWO | MONTH / YEAR | STATE |
|---|---|---|---|---|---|---|---|---|---|
| 72 | CHEV | 71228 | 2D | PURPLE | 3VP2006 | | | 10/21 | CA |

| VEHICLE IDENTIFICATION NO. | ENGINE NO. | VALUATION BY ☒ OFFICER ☐ OWNER |
|---|---|---|
| 1 Q 8 7 H 2 N 1 4 6 4 0 9 | | ☐ 0-500  ☐ 501-4000 ☒ 4001+  ☐ $ |

| REGISTERED OWNER | ☒ SAME AS R/O | LEGAL OWNER |
|---|---|---|
| MOORE IVAN RENE | | |
| 20929 VENTURA BL #47 | | |
| WOODLAND HILLS CA 91364 | | |

☐ STORED    ☐ IMPOUNDED    ☐ RELEASED    ☒ RECOVERED (VEHICLE) / COMPONENT

| TOWING / STORAGE CONCERN (NAME, ADDRESS, PHONE) | STORAGE AUTHORITY / REASON |
|---|---|
| ALL CITY TOW 5832 WEST ADAMS BL, CULVER CITY CA 90232   323-934-0404 | 2265/(CC) CVC |

| REASON FOR STOP | AIRBAG? | DRIVEABLE? | VIN SWITCHED? |
|---|---|---|---|
| N/A | ☐ YES ☒ NO ☐1 ☐2 | ☐ YES ☒ NO ☐ JUNK ☐ UNK | ☐ YES ☒ NO |

---

**NOTICE OF STORED VEHICLE (22852VC)**

NOTE: CHP 180 IS FURNISHED TO ALL PEACE OFFICERS BY THE CALIFORNIA HIGHWAY PATROL

. ATTENTION VEHICLE OWNER

The vehicle identified on the reverse side, registered/owner in your name, was stored pursuant to the provisions of the California Vehicle Code (VC) by the agency shown below.

Under the provisions of Sections 22852 VC, you have the right to a hearing to determine the legality of this storage.  If you choose to contest the legality of this storage, you must request the hearing in writing, in person, or be telephone at the office identified as the Storing Agency on this form.  The vehicle storage hearing is an informal process to determine whether or not a vehicle was stored legally.

Your request for a hearing must be received within ten (10) days from the date of this notice.  If you request a hearing, it will be conducted within 48 hours of the request, excluding weekends and holidays.  Your failure to request or attend a scheduled hearing shall satisfy the Post-Storage Validity requirements of Section 22852 VC.

If the hearing determines the storage to be unlawful, the storing agency will be responsible for the towing and storage charges.  If you have any questions, or if this vehicle is no longer owned by you, please contact the Storing Agency shown below.

B.  CERTIFICATION

I hereby certify that notices with postage prepaid were deposited in the United States Mail, and these notices, of which this is a copy, were addressed to the person named herein.

| Name/Title | Location | Date Deposited   CORRECT PROCESS DATE: |
|---|---|---|
| **R. Matzen, Sheriff Station Clerk II** | **Marina del Rey Station** | **July 09, 2021** |

C.  NOTICE TO DEPARTMENT OF JUSTICE          [ ] Owner cannot be identified          [ ] Owner cannot be notified

We have been unable to give notice to the owner of record as required by Section, 22852 VC and the vehicle, after 120 hours of storage, has not been returned.
    Send to Department of Justice, Stolen Vehicle Unit, P.O. Box 903417, Sacramento, CA 94203-4170

STORING AGENCY

**MARINA DEL REY STATION**
13851 Fiji Way
MARINA DEL REY, CA 90292
(310) 482-6000



B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| PLAINTIFFS<br>*IVAN RENE MOORE* | DEFENDANTS<br>*Kimberly Barbour (AKA) Kimberly Martin-Barbour*<br>*SEE ATTACHMENT* |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>*1236 Redondo Blvd*<br>*L.A. Calif 90019* | ATTORNEYS (If Known)<br>*Steven Soloman 10940 Wilshire Blvd*<br>*Dicker i Schneider LA Calif 90024* |
| PARTY (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☑ Creditor   ☐ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☑ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

| CAUSE OF ACTION (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) |
|---|
| *Bankruptcy Fraud 18 USC 157; 152; SEE Fraud Upon The court fRCP Rule 60; 11 USC 523; 727*<br>*VACATE purported Discharge; Punitive Damages Against All Defendants* |

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☑ 11-Recovery of money/property - §542 turnover of property<br>☐ 12-Recovery of money/property - §547 preference<br>☑ 13-Recovery of money/property - §548 fraudulent transfer<br>☐ 14-Recovery of money/property - other | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation<br>   (other than domestic support)<br>☐ 65-Dischargeability - other |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☐ 21-Validity, priority or extent of lien or other interest in property | **FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☐ 72-Injunctive relief – other |
| **FRBP 7001(3) – Approval of Sale of Property**<br>☐ 31-Approval of sale of property of estate and of a co-owner - §363(h) | **FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest |
| **FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | **FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment |
| **FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation | **FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause |
| **FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,<br>   actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **Other**<br>☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*<br>☐ 02-Other (e.g. other actions that would have been brought in state court<br>   if unrelated to bankruptcy case) |



RECEIVED
MAR 29 2022
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:_____ Deputy Clerk

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☑ Check if a jury trial is demanded in complaint | Demand $ *67,000,000.00* |
| Other Relief Sought *VACATE purported Dismissal; VACATE purport Dis clarg; VACATE sanctions* | |
| *loss of income; Debtor's Bankruptcy Dismissed for Fraud; Punitive Damage Agt All Defendants* | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR *Kimberly Barbose* | BANKRUPTCY CASE NO. *2:16-BK-22878 BR* | |
| DISTRICT IN WHICH CASE IS PENDING *Central* | DIVISION OFFICE | NAME OF JUDGE *Barry Russell* |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | |
| DATE *March 28 2022* | PRINT NAME OF ATTORNEY (OR PLAINTIFF) *Ivan Rene Moore* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**ATTACHMENT TO ADVERSARIAL COVER SHEET**

Additional defendants:

STEVEN A. SCHUMAN, LEE T. DICKER, LEORNARD, LAW OFFICE OF PETER M.
LIVELY, DICKER & SCHREIBER LLP, Defendants.; and DOES 1 through 10, Defendants

**ADDRESS OF PLAINTIFF:**

IVAN RENE MOORE

1236 Redondo Boulevard
Los Angeles, California 90019
Telephone: (323) 932-9439

**ADDRESS OF DEFENDANTS:**

KIMBERLY MARTIN-BRAGG AKA KIMBERLY BARBOUR
6150 Shenandoah Avenue
Los Angeles, California   90056
(310) 418-9477

STEVEN A. SCHUMAN,
10940 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024-3963

LEE T. DICKER,
10940 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024-3963

LEORNARD, LAW OFFICE OF PETER M. LIVELY, DICKER & SCHREIBER LLP
10940 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024-3963

B2500A (Form 2500A) (12/15)

# United States Bankruptcy Court

_____ CENTRAL _____ **District Of** _____ CALIFORNIA _____

In re  Kimberly Barbour
_____,  )    Case No. _____ 2:16-BK-22878-BR _____
        Debtor                    )
                                  )    Chapter ___ 7 _____
_____           )
        Ivan Rene Moore           )
_____           )
        Plaintiff                 )
                                  )
        v.                        )    Adv. Proc. No. _____
                                  )
_____           )
Kimberly Barbour ( see attachment )   )
_____           )
        Defendant                 )

**RECEIVED**
**MAR 29 2022**
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

## SUMMONS IN AN ADVERSARY PROCEEDING

YOU ARE SUMMONED and required to file a motion or answer to the complaint which is attached to
this summons with the clerk of the bankruptcy court within 30 days after the date of issuance of this
summons, except that the United States and its offices and agencies shall file a motion or answer to the
complaint within 35 days.

        Address of the clerk:        US Bankruptcy Court
                                     Central District Los Angeles Division

                                     255 East Temple Street
                                     Los Angeles, 90012

At the same time, you must also serve a copy of the motion or answer upon the plaintiff's attorney.

        Name and Address of Plaintiff's Attorney:

                Ivan Rene Moore 1236 Redondo Blvd Los Angeles, Ca 90019

If you make a motion, your time to answer is governed by Fed. R. Bankr. P. 7012.

**IF YOU FAIL TO RESPOND TO THIS SUMMONS, YOUR FAILURE WILL BE DEEMED
TO BE YOUR CONSENT TO ENTRY OF A JUDGMENT BY THE BANKRUPTCY COURT
AND JUDGMENT BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF
DEMANDED IN THE COMPLAINT.**

                                   _____ (Clerk of the Bankruptcy Court)

        Date: _____    By: _____ (Deputy Clerk)

**ATTACHMENT TO ADVERSARIAL COVER SHEET**

Additional defendants:

STEVEN A. SCHUMAN, LEE T. DICKER, LEORNARD, LAW OFFICE OF PETER M.
LIVELY, DICKER & SCHREIBER LLP, Defendants.; and DOES 1 through 10, Defendants

**ADDRESS OF PLAINTIFF:**

IVAN RENE MOORE

1236 Redondo Boulevard
Los Angeles, California 90019
Telephone: (323) 932-9439

**ADDRESS OF DEFENDANTS:**

KIMBERLY MARTIN-BRAGG AKA KIMBERLY BARBOUR
6150 Shenandoah Avenue
Los Angeles, California   90056
(310) 418-9477

STEVEN A. SCHUMAN,
10940 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024-3963

LEE T. DICKER,
10940 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024-3963

LEORNARD, LAW OFFICE OF PETER M. LIVELY, DICKER & SCHREIBER LLP
10940 Wilshire Boulevard, Suite 2100
Los Angeles, California 90024-3963

B2500A (Form 2500A) (12/15)

# CERTIFICATE OF SERVICE

I, _____(name), certify that service of this summons and a copy of
the complaint was made _____(date) by:

❑    Mail service: Regular, first class United States mail, postage fully pre-paid, addressed
to:


❑    Personal Service: By leaving the process with the defendant or with an officer or agent
of defendant at:


❑    Residence Service: By leaving the process with the following adult at:


❑    Certified Mail Service on an Insured Depository Institution: By sending the process by
certified mail addressed to the following officer of the defendant at:


❑    Publication: The defendant was served as follows: [Describe briefly]


❑    State Law: The defendant was served pursuant to the laws of the State of _____, as
follows: [Describe briefly]


If service was made by personal service, by residence service, or pursuant to state law, I further
certify that I am, and at all times during the service of process was, not less than 18 years of age and
not a party to the matter concerning which service of process was made.

Under penalty of perjury, I declare that the foregoing is true and correct.


Date _____    Signature _____

Print Name:    _____

Business Address:    _____

_____